Lance **WARD**, Jr., Appellant,

v.

**STATE** of Missouri, Respondent.

No. 54813.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 15, 1989.

Application to Transfer Denied April 18, 1989.

Janis C. Good, St. Louis, for appellant.

William Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

After an evidentiary hearing the motion court denied movant's request for post conviction relief under Rule 27.26, repealed effective January 1, 1988, and replaced by Rule 29.15. He was tried and found guilty of attempted rape. The court rejected movant's claim that his trial counsel "failed to undertake any pretrial investigation which would have materially helped his case." The motion court found movant's trial counsel did make reasonable investigation of the case and did discuss matters arising out of his investigation with movant prior to trial. It also found that movant failed to establish any specific information which would have been discovered by additional investigation, failed to prove how movant's defense would have benefited, and failed to show that such information, if any, would have been discovered in additional investigation.

The factual setting for the motion appears in this court's opinion in *State v. Ward,* 682 S.W.2d 124 (Mo.App.1984). Shortly after 10:15 p.m. the prosecuting witness purchased some items at a 7–11 store. She crossed a street to return to a hotel where she lived and worked. Movant grabbed her arm, forced her into an alley beside the hotel, struck her two or three times in the face, pulled down her slacks and lowered his trousers. She was yelling to the hotel desk clerk for help. A police officer arrived and observed movant on top of the victim. Movant was arrested after a foot chase.

We hold the findings, conclusions and judgment of the motion court were not clearly erroneous. Rule 29.15(j); *Stevenson v. State,* 720 S.W.2d 10, 11 (Mo.App. 1986). Movant claimed ineffective assistance of counsel. This claim must be supported by allegations of specific information which was not discovered, that reasonable investigation would have discovered the information and that the material so discovered would have benefited the movant in a defense of the charge. *Warren v. State,* 740 S.W.2d 251, 252 (Mo.App.1987).

The basic facts were simple and involved only three persons, movant, the victim and a police officer. Movant's trial counsel testified he visited the 7–11 store, the hotel, and the scene of arrest. Counsel attempted to find the clerk who sold the victim some food items and, according to movant, a bottle of whiskey. This testimony alone was sufficient to support the finding of the motion court that movant's counsel was not ineffective for failure to undertake any pretrial investigation.

Movant's defense was consent. The arresting officer testified the victim mentioned the purchase of whiskey at the 7–11 store. She also purchased coffee, donuts and cigarettes. The victim denied purchasing the whiskey. Accordingly, this conflict in evidence as it relates to the victim's credibility, was before the jury. Part of movant's argument is that trial counsel was ineffective for failure to depose the victim or subpoena or call the clerk of the 7–11 store in order to present evidence about the purchase of whiskey in support of the defense of consent. However, the performance of such acts would not have served to present any evidence not otherwise before the jury. It follows that movant's evidence failed to establish that the efforts of his attorney fell below an objec-

tive standard of reasonableness or a reasonable probability that further efforts would have altered the result. Movant failed to satisfy the requirements to support his claim for relief in the absence of proof of these elements. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 369–70, 88 L.Ed. 2d 203 (1985).

Movant's counsel also testified that he intentionally, as a matter of strategy, did not depose the victim. Counsel was aware of the nature of the testimony of the prosecuting witness who had moved from Missouri to Indiana before trial. An effort to depose her was as likely to promote her return for trial than to develop evidence useful to the defense. Matters of trial strategy, generally, do not constitute ineffective assistance of counsel. *Mahaney v. State*, 660 S.W.2d 774, 775 (Mo.App.1983).

We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.