STATE of Missouri, Respondent,

v.

Charles ROBERTS, Appellant.

No. 53283.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 29, 1989.

As Corrected Sept. 5, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 4, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., John M. Morris, L. Timothy Wilson, Asst. Attys. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Defendant, Charles Roberts, appeals from a jury conviction for the sale of cocaine, a schedule II controlled substance. RSMo § 195.020 (1986). Defendant was sentenced to a term of twelve years imprisonment. On appeal, defendant argues that the trial court erred in: (1) preventing defendant from testifying in front of the jury regarding his altercation with two Maplewood police officers on September 20, 1986, and the injuries he sustained therefrom;

and (2) overruling defendant's objection to the testimony of a rebuttal witness. Defendant also challenges the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

The evidence adduced at trial revealed that in March of 1986, Officers Terry Good and Ray Wright were working undercover as part of a drug enforcement unit assigned to the Municipal Enforcement Group (MEG), a narcotics task force consisting of eight municipalities in the St. Louis metropolitan area. On March 24, 1986, Officers Good and Wright visited Pearl's Tavern in Maplewood, Missouri. While in Pearl's, the officers encountered the defendant. Officer Good initiated a conversation with the defendant and indicated that he was interested in purchasing a gram of cocaine. Defendant offered to sell Good the cocaine for $130. Officer Good gave defendant the money and, about an hour later, defendant gave Officer Good a package containing a white powder later identified as cocaine.

Approximately a week later, Officers Good and Wright met the defendant again in Pearl's Tavern. Officer Good asked for another gram of cocaine from defendant and, after again being quoted a price of $130, gave the money to the defendant. Defendant subsequently returned the $130 to Officer Good saying he couldn't get him anything and "besides that, I don't know who you are."

A meeting was set up at El Greco's, a nearby bar, where defendant informed Officers Good and Wright that he knew they were police officers. The officers discussed the possibility of defendant assisting them in getting to defendant's source, but he refused.

An indictment was issued on November 22, 1986, charging defendant with the sale of cocaine. After a plea of not guilty, the cause went to trial. After a mistrial result-ed because the jury could not reach a verdict, the cause was retried and defendant was convicted as charged.

In defendant's first point of error, he claims that testimony relating to an altercation[1] he had with Officers Sullivan and Ross of the Maplewood Police Department should have been admitted. Defendant claims that this was essential to his defense that Officers Good and Wright "set up" the defendant to protect or avenge Officers Sullivan and Ross.

"The intent or bias of a witness and his relation to or feeling toward a party are never irrelevant matters." *State v. Edwards*, 637 S.W.2d 27, 29 (Mo.1982). Defendant alleged that Officers Good and Wright knew Officers Sullivan and Ross and that, therefore, evidence of the altercation should have been admitted to show bias. Defendant points to the issuance of the warrant being less than two weeks after the altercation with Officers Sullivan and Ross as evidence of a "set-up" because the alleged sale of cocaine had occurred five months earlier.[2]

■ While evidence of bias, prejudice or hostility is always relevant, "the authority of a party, and in particular a criminal defendant, to show the existence and extent of a witness' bias, prejudice or hostility is subject to the sound discretion of the trial court." *State v. Johnson*, 700 S.W.2d 815, 817 (Mo. banc 1985). In addition, where the tendency of a given item of testimony is too tenuous to show hostility on the part of a witness, it may properly be excluded. *See State v. Rack*, 318 S.W.2d 211, 217 (Mo.1958).

■ In the present case, the possibility that Officers Good and Wright conspired with, or on their own decided to avenge Officers Sullivan and Ross, is not supported by the evidence. The fact that the officers knew one another is not sufficient in itself to show the required hostility to-

---

1. Defendant had earlier been convicted of first degree assault, RSMo § 565.050 (1986), and third degree assault, RSMo § 565.070 (1986), in connection with this altercation. An appeal to this court regarding those convictions is pending.

2. Officers Good and Wright both testified that the delay in bringing charges is normal procedure in undercover drug operations. The delay allows an undercover officer to maintain his cover while completely working a given area.

ward the defendant. The trial court was correct in rejecting the evidence as too remote.

Defendant next claims that the trial court erred in permitting the State to call a rebuttal witness. During the trial, the State elicited testimony from the defendant indicating that he had notified the F.B.I. that Officers Good and Wright were setting him up.˙ The State then called Officer Charles Drummond, an investigator with the Prosecutor's office of St. Louis County, to testify as a rebuttal witness. The trial court permitted the testimony over defendant's objection. Defendant now claims that the question of whether or not he called the F.B.I. was a collateral matter and, as such, the State was bound by his answer.

■ The term "collateral evidence" appears nowhere in the rules of evidence themselves. It involves, however, many of the concerns underlying Federal Rule of Evidence 403 including: "undue delay;" "waste of time;" "misleading the jury;" and "confusion of the issues." *See Hurlock v. Park Lane Medical Center, Inc.,* 709 S.W.2d 872, 877 (Mo.App., W.D.1985). While trial courts are granted wide discretion in controlling the extent of cross-examination, especially with respect to collateral matters, *State v. Johnson,* 486 S.W.2d 491, 496 (Mo.1972), the general rule is that a party is bound by the answers of a witness cross-examined on a collateral matter. *Id.*

■ The critical issue, therefore, is whether the defendant's alleged phone call to the F.B.I. to report his being "set up" is a collateral matter. "A collateral matter is one of no material significance in the case or is not pertinent to the issues as developed." *State v. Shaw,* 694 S.W.2d 857, 859 (Mo.App., E.D.1985). Here the defendant claims he has been "set up" by Officers Good and Wright. The defendant used his call to the F.B.I. as evidence of this defense and to enhance his own credibility. Evidence rebutting this testimony was clearly "pertinent to the issues as developed." *Id.* The defendant's second point of error is, therefore, denied.

Finally, the defendant claims that the court erred in denying his Rule 29.15 motion without an evidentiary hearing. De-

fendant's primary contention on appeal is that the motion court erred in finding that his trial counsel was not ineffective for failing to present sufficient evidence of altercation with Officers Sullivan and Ross and the resulting motive of Officers Good and Wright to "set up" defendant.

This court's review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 29.15(j). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, this court is left with a definite and firm impression that a mistake has been made. *O'Neal v. State,* 766 S.W.2d 91, 92 (Mo. banc 1989); *Brummal v. State,* 770 S.W.2d 379, 380 (Mo.App., E.D.1989).

To prevail on a claim of ineffectiveness of counsel, the movant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *O'Neal,* 766 S.W.2d at 92. Both prongs of this test must be satisfied. *Id.* Coupled with this test is the presumption that an attorney is competent in tactics employed during the trial. *Camillo v. State,* 757 S.W.2d 234, 242 (Mo.App., W.D.1988).

In the instant case, defendant claims that "if this court finds that there was not a sufficient nexus presented between the assault incident and the sale of cocaine charge to find reversible error, it is due to the ineffectiveness of appellant's trial counsel to present sufficient evidence to support the connection." This court is unconvinced.

Defendant's counsel attempted to introduce evidence of the altercation with Officers Sullivan and Ross but an objection by the State as to this evidence was sustained by the trial court. It is certainly not error for counsel to fail to present inadmissible evidence. In addition, the record below reveals that defendant's trial counsel made an adequate showing of proof concerning the assault and issue of collusion or revenge but that the evidence was insufficient to support its admissibility.

Finally, the motion court found that the failure of defendant's trial attorney to cross-examine Officers Good and Wright about their relationship with Officer Sullivan was trial strategy. The record reveals that Officers Good and Wright were questioned as to whether or not they *knew* Officers Sullivan and Ross and that Officer Good was questioned as to when he last talked with Officer Sullivan. During the trial, defendant's counsel stated that he did not go further and ask if they knew about the beating "[b]ecause obviously, they would deny it if—if there was any collusion." This demonstrates that defense counsel believed that going further would injure the defendant's case and was trial strategy. "Matters of trial strategy, generally, do not constitute ineffective assistance of counsel." *Ward v. State,* 767 S.W.2d 69, 71 (Mo.App., E.D.1989).

The decision of the trial court is affirmed.

KAROHL, J., concurs.

GRIMM, P.J., concurs in result.