Robert G. SCHONE, Movant,

v.

STATE of Missouri, Respondent.

No. 57905.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 5, 1991.

Beth A. Davis, St. Louis, for movant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

■ Movant, Robert G. Schone, appeals denial of his Rule 24.035 motion for post conviction relief after an evidentiary hearing. On April 4, 1988, movant entered Alford pleas to two counts of sodomy, § 566.060.3 RSMo 1986. The court sentenced movant on June 6, 1988, to five years imprisonment on Count I and to ten years imprisonment on Count II, to run consecutively. On September 8, 1988, movant filed his pro se motion.[1] On November 14, 1988, the court appointed the public defender to represent movant. The public defender's office filed a motion to withdraw. A private attorney entered an appearance for movant on May 18, 1989, and filed an amended motion on June 22, 1989, after the thirty day extension had expired. The deadline for filing the amended motion is mandatory and cannot be extended by the trial court beyond thirty days. *State v. Wilkins*, 802 S.W.2d 491 (Mo. banc 1991).

Furthermore, the amended motion was neither verified nor signed by movant, in violation of the requirements of the rule. *Malone v. State*, 798 S.W.2d 149 (Mo. banc 1990). Therefore, the motion court and this court have jurisdiction to consider only those issues raised in movant's timely, verified, pro se motion. *State v. Evans*, 802 S.W.2d 507 (Mo banc 1991).

■ On appeal movant alleges post conviction relief counsel was ineffective for failure to raise the trial court's error in accepting movant's pleas of guilty due to his lack of understanding of the plea proceedings and the elements of the offenses to which he pled guilty. Movant's point is denied because the rule authorizing post conviction relief is not applicable to post conviction motion counsel. *Lingar v. State*, 766 S.W.2d 640, 641 (Mo. banc 1989) *cert. denied* —— U.S. ——, 110 S.Ct. 258, 107 L.Ed.2d 207 (1989).

Movant in his second point argues the motion court erred when it found movant received adequate representation of counsel at the time of the guilty plea because his trial counsel failed to obtain medical evidence and to interview witnesses and otherwise failed to adequately prepare for trial. Movant contends his plea was rendered involuntary by his fear of going to trial without adequate preparation by counsel. Movant further argues the motion court made its ruling on an incomplete record because it did not hear testimony from trial counsel.

Motion court found that movant, while under oath during the guilty plea hearing, stated his attorney had done everything movant asked of her and he was fully satisfied with the services rendered. The court also found movant's testimony at the plea hearing was more creditable than movant's testimony at the post conviction relief hearing.

■ Because the transcript of movant's guilty plea hearing directly refutes his allegation that his plea was involuntary, movant was not entitled to an evidentiary

---

1. The state does not contest this filing date or that it was timely. The circuit clerk opened a file for a "29.15" [sic] motion on September 16, 1988. For some reason the clerk then recorded the motion as filed on November 14, 1988. It was "rule verified" on September 8, 1988.

hearing. *State v. McShan*, 774 S.W.2d 846, 847 (Mo.App.1989). Even so, the motion court granted movant a hearing and gave movant an opportunity to present *all* of his evidence. Movant cannot now complain that the motion court relied upon an incomplete record. Further, the motion court is not required to believe the uncontradicted testimony of movant at the post conviction relief hearing. *Bevly v. State*, 778 S.W.2d 297, 298 (Mo.App.1989). We defer to the motion court's ability to observe and determine the credibility of witnesses. *Id.* Accordingly, we find the findings and conclusions of the motion court are supported by the record and are not clearly erroneous.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.