**STATE of Missouri, Respondent,**

v.

**Michael CHILDRESS, Appellant.**

**No. 56540.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 19, 1991.

Robert B. Ramsey, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Michael Childress, appeals his jury convictions of two counts of sale of a controlled substance, marijuana, RSMo § 195.240 (1986) (repealed), for which he was sentenced to two consecutive five year terms. We affirm.

On March 12, 1988, Lonnie Hodges, an undercover agent working in Marion County, went into Taylor's Tavern on Main Street in Palmyra, Missouri. At the tavern, Agent Hodges met an individual named Sheldon Welch. Agent Hodges asked Mr. Welch if he knew where he could buy some marijuana to which Mr. Welch said "No." A little later, when appellant walked into the tavern, Mr. Welch suggested that Agent Hodges ask appellant about marijuana.

Agent Hodges talked with appellant, who informed Agent Hodges that, although he got high, he was not able to sell Agent Hodges any marijuana on that particular day. About an hour later, however, as Agent Hodges was preparing to leave the tavern, appellant handed him a marijuana cigarette and stated "Here, take this. See what you think of it."

On March 24, 1988, Agent Hodges went into Taylor's Tavern. Appellant soon arrived to pick up some food and Agent Hodges asked if appellant could sell him some marijuana. Appellant indicated that he could and told Agent Hodges to follow him home. At the house, appellant weighed out 30.4 grams of marijuana from a bag and indicated he wanted $60.00 for it. Agent Hodges paid the $60.00 and left appellant's residence with the marijuana.

The following day, Agent Hodges entered Taylor's Tavern again. Appellant soon appeared and Agent Hodges told appellant he wanted more marijuana. Appellant obliged Agent Hodges' request; this time selling Agent Hodges 110 grams of marijuana for $140.00.

Appellant was subsequently charged with two counts of selling a controlled substance. The trial was held on January 9, 1989. At trial, appellant testified that he wanted to give the marijuana away but that Agent Hodges, basically, forced the money on him, telling appellant that "You don't just give this away." The jury did not believe appellant's testimony and convicted him as charged. This appeal followed.

■ Appellant first claims that "Appellant was denied due process and a fair trial by the improper, prejudicial and deliberately inflammatory final arguments of the prosecutor."

We direct appellant to Mo.R.Crim.P. 30.-06(d). This rule requires that points relied on in an appellate brief state "briefly and concisely what actions or rulings of the *court* are sought to be reviewed and wherein and why they are claimed to be erroneous." Rule 30.06(d) (emphasis added). Appellant's point clearly fails to mention the trial court at all. The point preserves nothing for appeal. *State v. White*, 654 S.W.2d 288, 289 (Mo.App., S.D.1983). We also note that there were no objections lodged at trial to the portion of closing argument that the appellant now claims was improper. As such, the claimed error was not preserved for appeal. *State v. Wood*, 719 S.W.2d 756, 759 (Mo. banc 1986). We decline to review appellant's claim for plain error. "The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review." *State v. McMillin*, 783 S.W.2d 82, 98 (Mo. banc 1990) (quoting *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983)).

■ Appellant next claims that the trial court erred in not permitting appellant to cross-examine Agent Hodges about, and introduce evidence regarding, Agent Hodges' use of a gun to coerce another individual into making a drug purchase for him. Appellant alleges that this evidence was relevant to his defense of entrapment and to undermine the credibility of Agent Hodges.

In a criminal case, the question of relevancy is a determination left to the trial court's discretion because it is in the best position to weigh the probative and prejudicial value of the evidence offered. *State v. Maxson*, 755 S.W.2d 277, 283 (Mo.App., E.D.1988). In the absence of a clear abuse of discretion, an appellate court will not interfere with the trial court's ruling on the admission or exclusion of evidence. *Id.* The discretion granted to trial courts in controlling the extent of cross-examination is especially broad with respect to collateral

matters. *State v. Roberts*, 778 S.W.2d 763, 765 (Mo.App., E.D.1989).

"A collateral matter is one of no material significance in the case or is not pertinent to the issues as developed." *Roberts*, 778 S.W.2d at 765 (quoting *State v. Shaw*, 694 S.W.2d 857, 859 (Mo.App., E.D.1985). The appellant here does not claim that he had knowledge of Agent Hodges' alleged use of a gun to coerce a drug deal with another party, nor does he claim that such a force was used here. Appellant's claim of entrapment below, instead, seems to be based on Agent Hodges' "forcing" appellant to take money for the marijuana. Whether Agent Hodges actually coerced another individual into making a drug deal at some other unspecified time is clearly collateral to appellant's defense.

Specific acts evidence, collateral to the issues as developed, may not be used to attack the credibility of a witness by a showing of arrests, investigations, or criminal charges filed which have not resulted in convictions. *State v. Smith*, 585 S.W.2d 540, 541 (Mo.App., E.D.1979). The evidence that appellant wished to adduce at trial clearly was such an attempt to attack the credibility of a witness by showing a specific act of immorality which did not result in a conviction and, thus, the trial court did not abuse its discretion in limiting the scope of appellant's cross-examination. Point denied.

Affirmed.

CRANDALL, C.J., and CRIST, J., concur.