**STATE of Missouri, Respondent,**

v.

**Adam F. TOWNSEND, Appellant.**

**No. 57976.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1991.

Susan L. Hogan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury found defendant guilty of robbery in the second degree, § 569.030 RSMo 1986, for which he received a five year sentence. Defendant appeals alleging the state's evidence was insufficient to support a finding that defendant "acted together

with or aided Keith Ash with the purpose of promoting or furthering the commission of the offense of robbery in the second degree." We affirm.

■ In reviewing the sufficiency of the evidence, we accept as true the evidence favorable to the verdict and all reasonable inferences therefrom and disregard contrary evidence and inferences. *State v. Gannaway*, 649 S.W.2d 235, 238 (Mo.App. 1983). "Proof of any form of participation by defendant in the crime is enough to support a conviction." *State v. Lyell*, 634 S.W.2d 239, 241 (Mo.App.1982). "One who, before or during the commission of a crime, intentionally and knowingly aids or encourages the commission thereof is guilty of that offense." *Id.* Section 562.041 RSMo 1986. Furthermore, the evidence establishing affirmative participation may be circumstantial. *State v. Puckett*, 611 S.W.2d 242, 245 (Mo.App.1981). One's participation in a crime may be inferred from his presence at the scene, as well as his companionship and conduct both before and after the offense. *Lyell*, 634 S.W.2d at 241. An attempt by defendant to deceive the police is another circumstance which infers guilt. *Puckett*, 611 S.W.2d at 245. However, none of these factors alone is enough to sustain a conviction. *State v. Harris*, 602 S.W.2d 840, 845 (Mo.App.1980). Therefore, we must determine whether all the facts and circumstances in evidence considered together raise a reasonable inference defendant participated in the offense charged. *Puckett*, 611 S.W.2d at 245.

■ There is evidence that on March 28, 1989, defendant was cruising in Sullivan, Missouri, with Keith Ash. Around 2:30 a.m. a convenience store clerk was lining garbage cans when he realized two men entered the store. The clerk walked behind the register and asked the men, who were standing side by side across the counter, if they needed assistance. Ash told the clerk "give me all the money in the cash register or I'll blow your head off." Ash's right hand was in his coat pocket and his left hand was down by his jeans. The clerk opened the cash register and handed the money to Ash. Ash instructed the clerk to go into the backroom and lie down. After he heard the bell on the door jingle once, the clerk realized the men were gone. He left and called the police. When the police contacted defendant as a suspect, defendant initially gave a false statement regarding his whereabouts the night of the robbery.

At trial defendant called his mother as an alibi witness. She testified defendant was home with her at the time the robbery was committed. Defendant also testified on his own behalf.

Defendant argues the evidence at best established he was present in the convenience store with Ash at the time of the robbery. Defendant contends his innocence is supported by testimony of the convenience store clerk who testified Ash "did all the talking," wielded the weapon and received the money. Defendant argues there is no proof he knew Ash intended to commit the robbery or that he promoted or furthered Ash's actions.

To the contrary, the jury could infer defendant's accomplice liability from the state's evidence. Defendant and Ash were together from 11:00 p.m. until the robbery at 2:30 a.m. Defendant entered the convenience store with Ash, stood by Ash's side at the counter in front of cash register during the robbery impressing a show of force and left the store with Ash. Furthermore, upon questioning, defendant lied to police regarding his whereabouts prior to the robbery. The accumulated facts are sufficient to overcome a motion for judgment of acquittal and support the jury's verdict that defendant aided Ash in the commission of the robbery.

Judgment affirmed.

PUDLOWSKI, P.J., and GRIMM, J., concur.