Dwight SCROGGINS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 46298.

Missouri Court of Appeals,
Western District.

June 1, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Robert E. Steele, Jr., Asst. Appellate Defender Office, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and HANNA, JJ.

BRECKENRIDGE, Judge.

Dwight Scroggins appeals the trial court's denial of his Rule 24.035 motion for postconviction relief and his Rule 29.07(d) motion to withdraw guilty plea. On February 11, 1991, Scroggins pleaded guilty to one count of sale of a controlled substance, § 195.211, RSMo Cum.Supp.1992.[1] On June 6, 1991, Scroggins entered *Alford* pleas to one count of sale of a controlled substance, § 195.211, and one count of armed criminal action, § 571.015, RSMo 1986.[2] Scroggins raises two points on appeal. Scroggins asserts that the motion court erred in 1) denying his Rule 29.07(d) motion to withdraw guilty plea because such denial resulted in manifest injustice; and 2) denying his Rule 24.035 motion for postconviction relief because he received ineffective assistance of counsel in that his counsel failed to adequately investigate.

The judgment is affirmed.

Scroggins was charged with sale of cocaine and possession of cocaine in CR90–2267. On February 11, 1991, pursuant to a plea bargain, Scroggins pleaded guilty to sale of cocaine and the state dismissed the charge for possession of cocaine.

Scroggins was later charged in CR91–1943 with another count of sale of cocaine and with armed criminal action. On June 6, 1991, Scroggins entered *Alford* pleas to both charges and was sentenced to ten years for sale of a controlled substance and ten years for armed criminal action. On the same date, Scroggins was also sentenced in CR90–2267 to seven years for sale of a controlled substance pursuant to the plea entered on February 11, 1991. All three sentences were to run concurrently.

Scroggins filed a pro se Rule 24.035 motion. Scroggins' grounds for relief in his pro se motion were 1) that his *Alford* pleas of guilty were coerced because his counsel misled him to believe that the potential range of punishment was up to fifteen years in prison; and 2) that the state did not plead a cause of action for the sale of cocaine because the underlying criminal statute was defective. Kelley J. Henry, of the Office of the Special District Defender, was appointed on September 24, 1991 to represent Scroggins. On November 7, 1991, the motion court granted Scroggins leave to file an amended motion by November 25, 1991. A verified amended motion was filed on November 25, 1991. The grounds for relief in the amended motion were 1) that Scroggins' counsel, Cecil Williams in CR90–2267 and Geary Jaco in CR91–1943, were ineffective for failure to investigate the allegations in the indictments; and 2) that his plea of guilty in CR90–2267 was not knowing and voluntary because he was pressured to plead guilty by counsel, Cecil Williams.

---

1. All statutory citations are to Revised Missouri Statutes Cumulative Supplement 1992, unless otherwise indicated.

2. In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court approved the acceptance of a plea of guilty from a defendant who is unwilling or unable to admit participation in acts constituting the crime charged so long as the plea is knowingly and voluntarily entered and is supported by a strong factual basis. An *Alford* plea is not treated differently than a guilty plea where the accused admits the commission of the crime charged. *Wilson v. State,* 813 S.W.2d 833, 843 (Mo. banc 1991).

On December 24, 1991, Scroggins filed an unverified second amended Rule 24.035 motion. The second amended motion stated that Scroggins' ground for relief was that the state failed to disclose an investigation of alleged misconduct of a prosecution witness, Kansas City police officer Frederick Lewis. Scroggins also filed a Rule 29.07(d) motion to withdraw guilty plea, praying that the court allow him to withdraw his *Alford* pleas entered on June 6, 1991. The Rule 29.07(d) motion alleged that manifest injustice resulted from the state's failure to reveal that Lewis was under investigation for misconduct.

During the postconviction proceedings, Scroggins filed a motion for discovery seeking disclosure of all records concerning Lewis. Pursuant to § 610.021(3) and (13), Lewis's personnel file was confidential and unavailable to Scroggins' counsel, but the motion court examined Lewis's personnel file in camera.

The motion court did not find any information in the personnel file pertaining to the charges to which Scroggins pleaded guilty on June 6, 1991. The motion court found that the investigation of Lewis involved drug transactions he participated in as a police officer, but not the transactions for which Scroggins was charged. The misconduct being investigated concerned whether Lewis appropriated Street Narcotics Unit funds for his own use. The file indicated that Lewis initially took money on four occasions from February 1991 to April 1991 to pay for his child's operation, but that he had repaid the money. He was suspended and transferred out of the Street Narcotics Unit for such conduct. Subsequent allegations were that he had misappropriated funds in August and September of 1991. Lewis was suspended without pay as a result of the new allegations. The charges had not been formally resolved at the time of the evidentiary hearing in the case at hand.

The evidence is unclear as to the exact date the prosecutor's office was notified of the investigation. The state asserts that the Kansas City Police Department did not notify the prosecutor's office of the investigation until September, 1991, even though the investigation was initiated in February, 1991.[3] Geary Jaco, Scroggins' guilty plea counsel in CR91–1943, testified that he became aware of the allegations against Lewis in July of 1991. Jaco testified that he spoke with Lewis about the allegations and did not discover information indicating that Scroggins' arrest was in any way involved in the allegations against Lewis.

After an evidentiary hearing, the motion court denied the motion to withdraw guilty plea upon finding that Scroggins' guilty plea was knowing and voluntary. The motion court found Scroggins' second amended motion to be untimely and unverified. The motion court also denied the first amended Rule 24.035 motion. Scroggins filed a timely notice of appeal.

In Point I, Scroggins alleges that the motion court abused its discretion in denying his Rule 29.07(d) motion to withdraw guilty plea because such denial resulted in manifest injustice in that the state withheld material evidence relevant to Scroggins' decision to enter an *Alford* plea. Scroggins asserts that he would not have agreed to submit a plea if the state had disclosed such evidence.

██ A defendant does not have an absolute right to withdraw a guilty plea. *State v. Mandel*, 837 S.W.2d 571, 573 (Mo. App.1992). The motion court may grant the relief requested in a motion to withdraw guilty plea after imposition of sentence only upon a showing that such is necessary to correct manifest injustice. *State v. Hasnan*, 806 S.W.2d 54, 55 (Mo. App.1991). In reviewing the denial of a motion to withdraw guilty plea, this court is to determine whether the trial court abused its discretion or was clearly erroneous. *Id.* The defendant must prove by a

---

**3.** The date the prosecutor's office was notified of the investigation is irrelevant since the knowledge of one state actor, i.e., the police department, is imputed to other state actors, i.e., the prosecuting attorney, regardless of whether there is actual knowledge. *See State v. Figgins*, 839 S.W.2d 630, 638 (Mo.App.1992).

preponderance of the evidence that the motion court erred. *Id.*

If Scroggins' plea of guilty was voluntary and was made with an understanding of the charges against him, there was no manifest injustice. *Winford v. State,* 485 S.W.2d 43, 49 (Mo. banc 1972). If, however, Scroggins was misled or induced to enter the plea of guilty by fraud, mistake, misapprehension, coercion, duress or fear, he should be permitted to withdraw his guilty plea. *Latham v. State,* 439 S.W.2d 737, 739 (Mo.1969); *Johnson v. State,* 774 S.W.2d 862, 863 (Mo.App.1989); *Tillock v. State,* 711 S.W.2d 203, 205 (Mo.App.1986). "Unawareness of certain facts at the time of a plea does not necessarily render the plea unintelligent or involuntary." *State v. Nielsen,* 547 S.W.2d 153, 161 (Mo.App. 1977).

Scroggins asserts that manifest injustice occurred because the state failed to disclose, prior to entry of his *Alford* plea, that the police officer involved in Scroggins' arrest, Officer Frederick Lewis, was under investigation by the Kansas City Police Department for misconduct. Scroggins also argues that the Jackson County Prosecutor's Office dismissed cases involving Officer Lewis after the investigation became public, including the case against Scroggins' brother and co-defendant, Kevin Scroggins.

■ A prosecutor's failure to disclose exculpatory evidence to the defense denies a defendant a fair trial as guaranteed by the Due Process Clause of the Fifth Amendment, if the undisclosed evidence was material. *Brady v. State of Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). The principles of *Brady* are applicable to the entry of a plea of guilty. *State v. Choate,* 639 S.W.2d 906, 908 (Mo.App.1982); *Lee v. State,* 573 S.W.2d 131, 133 (Mo.App.1978). "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). A reasonable probability is that which un-

dermines one's confidence in the outcome. *Id.* This standard for materiality is applicable whether there is a specific request, a general request or no request for the undisclosed evidence. *Id.* The state's duty to reveal material information favorable to the defendant encompasses impeachment evidence concerning a key prosecution witness, as well as exculpatory evidence. *Lee,* 573 S.W.2d at 133.

> [T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial:
>
> "For unless the omission deprived the defendant of a fair trial, there was no constitutional violation requiring that the verdict be set aside; and absent a constitutional violation, there was no breach of the prosecutor's constitutional duty to disclose....
>
> "... But to reiterate a critical point, the prosecutor will not have violated his constitutional duty of disclosure unless his omission is of sufficient significance to result in the denial of the defendant's right to a fair trial."

*Bagley,* 105 S.Ct. at 3380 (citations omitted). The impact of the nondisclosure of the evidence must be evaluated in the context of the entire record. *United States v. Agurs,* 427 U.S. 97, 112, 96 S.Ct. 2392, 2402, 49 L.Ed.2d 342 (1976).

Scroggins argues that the evidence regarding the investigation into Lewis's misconduct is material. He asserts that since Lewis was the state's only witness, Lewis's reliability and credibility would have been determinative of his guilt or innocence. The magnitude of the impact of the undisclosed evidence upon the voluntariness of Scroggins' plea, however, depends upon Scroggins' ability to utilize such evidence to impeach Lewis's reliability and credibility.

■ A witness's credibility may not be attacked with evidence of arrests, criminal charges or investigations which have not resulted in convictions. *State v. Shepard,* 654 S.W.2d 97, 100 (Mo.App.1983). It is

improper to impeach a witness's credibility with "intimations of possible investigations or uncharged alleged criminal activity," which have not resulted in a conviction and are collateral to the issues in the case at hand. *State v. Blaylock*, 705 S.W.2d 30, 36 (Mo.App.1985). The Missouri Supreme Court held that there are three exceptions to this rule in that such evidence may be used for impeachment purposes if it would indicate a specific interest or bias of the witness, show the witness's motivation to testify favorably for the state, or prove that the witness testified based on an expectation of leniency from the state. *State v. Lockhart*, 507 S.W.2d 395, 396 (Mo.1974). Scroggins did not attempt to prove, and does not argue on appeal, that any of the *Lockhart* exceptions apply in his case.

In fact, Scroggins did not advance any particular theory under which the evidence would be admissible at trial. The motion court found, however, that if Scroggins had received a jury trial in CR91–1943, evidence of Lewis's conduct might possibly be admissible for purposes of impeachment. The admissibility of the undisclosed evidence is within the discretion of the trial court and an inspection of the case law indicates that such trial court rulings are generally affirmed; trial courts more often than not exclude impeachment evidence on collateral matters. *See State v. Watts*, 813 S.W.2d 940 (Mo.App.1991) (trial court did not abuse its discretion in refusing to allow the defendant to cross-examine a police officer regarding the nolle prosequi of a charge against the officer); *State v. Garner*, 799 S.W.2d 950 (Mo.App.1990) (trial court's decision affirmed on appeal allowing defendant wide latitude in cross-examining a police officer regarding collateral matter of alleged thefts by the officer); *Klein v. General Elec. Co.*, 714 S.W.2d 896 (Mo.App.1986) (trial court's disallowance of impeachment with evidence indicating that the witness was named as a co-conspirator in a federal case affirmed on appeal); *Blaylock*, 705 S.W.2d 30 (trial court's ruling denying defendant opportunity to cross-examine deputy sheriff on allegations of deputy's misconduct in an unrelated case affirmed on appeal).

Of Missouri cases, the one most analogous to the instant case is *State v. Childress*, 805 S.W.2d 729 (Mo.App.1991). In *Childress*, the defendant attempted to impeach the undercover agent who had purchased marijuana from the defendant by introducing evidence that the agent had used a gun to coerce another individual into making a drug deal with him. *Id.* at 731. The court affirmed the trial court's decision that such evidence was collateral to the defendant's defense and inadmissible because it was an attempt to show a specific act of immorality which did not result in a conviction. *Id.*

In the instant case, Scroggins, if allowed to proceed to trial, would seek to introduce evidence of Lewis's behavior in drug transactions with individuals other than Scroggins just as the defendant in *Childress* sought to introduce evidence of the agent's behavior in drug transactions not involving the defendant. "In a criminal case, the question of relevancy is a determination left to the trial court's discretion because it is in the best position to weigh the probative and prejudicial value of the evidence offered." *Id.* at 730. Even if the trial court exercised its discretion to allow impeachment with the investigation of impropriety in the drug transactions between Lewis and individuals other than Scroggins, such evidence regards collateral matters. A collateral matter is one which has "no material significance in the case or is not pertinent to the issues as developed." *Id.* at 731.

The evidence of Lewis's alleged misconduct did not relate to his contact with Scroggins. If admitted for impeachment, the evidence would reveal that his alleged misconduct did not involve fabricating the fact that a drug sale had occurred, but instead involved the amount necessary to purchase the drugs. His apparent motivation for such misconduct was monetary in that he needed funds for an operation for his daughter. When impeaching Lewis with collateral matters, Scroggins could only inquire about the misconduct during cross-examination of Lewis, and he would

be bound by the answers given. *Garner,* 799 S.W.2d at 957.

The potential for admissibility is one factor to be considered in determining the ultimate issue, whether Scroggins' plea of guilty was voluntarily and intelligently made in light of the fact that he was denied information that Lewis was under investigation. To succeed on appeal, Scroggins must prove a reasonable probability that he would not have entered a plea of guilty to receive the benefit of the plea bargain if he had known of the investigation. The benefit to Scroggins of the plea bargain was that he received a ten-year sentence for armed criminal action when the maximum range of punishment was life imprisonment. He also bargained that all three of his sentences be served concurrently, avoiding the possibility that the sentences might be consecutive. Even with admissible evidence of the investigation, Scroggins still faced a significant risk of conviction if he proceeded to trial.

The only evidence indicating that Scroggins would not have accepted the plea bargain is his own testimony. It was within the motion court's discretion to disbelieve Scroggins' testimony that he would not have pled guilty if he had known of the investigation. *Schone v. State,* 812 S.W.2d 539, 541 (Mo.App.1991). The court on appeal defers to the motion court's credibility determinations. *Id.* In considering whether Scroggins has met his burden of proof, the evidence fails to establish a reasonable probability that the result of the proceeding would have been different.

Scroggins, however, argues that there is additional proof that the outcome of his case would have been different had he known of the investigation prior to pleading guilty. He asserts that the prosecutor dismissed other cases, including that of his brother and co-defendant, Kevin Scroggins, in which Lewis was the main witness for the state. First, the dismissal of other cases would not benefit Scroggins at trial because, normally, the disposition of a co-defendant's case is inadmissible evidence. *State v. Gilmore,* 681 S.W.2d 934, 945 (Mo. banc 1984), *cert. denied,* 484 U.S. 933, 108

S.Ct. 309, 98 L.Ed.2d 267 (1987). In addition, the cases dismissed by the prosecutor were dismissed without prejudice which does not preclude the state from refiling the charges within the period of the statute of limitations.

Scroggins has not proved that his case would have been dismissed and would not have been refiled had he not pleaded guilty. In hindsight, Scroggins clearly regrets his decision to plead guilty and believes, in light of the dismissal of his co-defendant's case, that a better strategy would have been to delay. The court may be disinclined to grant a defendant's request to withdraw a guilty plea when the basis for such a request is the defendant's belief that the plea bargain was a tactical mistake. Wayne R. LaFave, *Criminal Procedure* § 20.5 (1985). The fact that Scroggins regrets his decision to plead guilty and believes that the state might have dismissed the charges against him had he delayed does not require the granting of his motion to withdraw guilty plea. Point I is denied.

Scroggins claims in Point II that the motion court erred in denying his Rule 24.035 postconviction motion because he was denied effective assistance of counsel in that his counsel, Jaco, failed to investigate the state's witness, Lewis, prior to advising Scroggins to submit a guilty plea. Scroggins alleges that if Jaco had adequately investigated, Jaco would have discovered that Lewis was under investigation by the Kansas City Police Department. Scroggins claims that his plea was neither intelligent nor voluntary because he would not have submitted an *Alford* plea if Jaco had investigated. Scroggins has not raised this claim prior to this appeal.

Scroggins claimed ineffective assistance of counsel in his first amended motion but that claim pertained only to failure to investigate the allegations contained in the indictment. Scroggins did not argue in his first amended motion that he was denied effective assistance of counsel by Jaco's failure to investigate Lewis. In his second amended motion, Scroggins claimed that the state failed to disclose that Lewis was

under investigation for misconduct; he did not raise a claim of ineffective assistance of counsel.

The motion court found the second amended motion to be untimely filed and unverified. In a case involving appointed counsel, Rule 24.035(f) states that the original time period for filing is thirty days from the date counsel is appointed but the court may grant the defendant one extension not to exceed thirty days. *Maulhardt v. State,* 789 S.W.2d 835, 836 (Mo.App. 1990). Time limits for filing postconviction motions are mandatory and the motion court does not have discretion to grant extensions beyond that provided for in the rule. *Wilkins v. State,* 802 S.W.2d 491, 504 (Mo. banc 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). In addition, an unverified, amended motion cannot be considered on appeal. *Baker v. State,* 796 S.W.2d 426 (Mo.App.1990).

Kelley Henry, of the Office of the Special District Defender, was appointed to represent Scroggins on September 24, 1991. Scroggins filed an amended motion on November 25, 1991 after being granted leave to do so. Scroggins filed a second amended motion on December 24, 1991. The motion court granted the thirty day extension allowed by Rule 24.035(f) so that Scroggins had a total of sixty days to file an amended motion. This sixty-day time period expired on November 25, 1991. The filing of the second amended motion on December 24, 1991 was not within the mandatory sixty-day filing period. Therefore, this court will not address the claims which Scroggins asserted in his second amended motion, because he waived them by not raising them in a timely, verified motion.[4] *State v. Reese,* 787 S.W.2d 768, 774 (Mo. App.1990).

■ This court will also not address the claim of ineffective assistance of counsel for failure to investigate Lewis set forth in Scroggins' Point II since such allegations have not been raised by Scroggins in his Rule 24.035 motion. Issues not raised in a postconviction motion may not be raised for the first time on appeal. *Amrine v. State,* 785 S.W.2d 531, 535 (Mo. banc 1990), *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990). Point II is denied.

The judgment is affirmed.

All concur.

---

**4.** The claim in Scroggins' second amended motion is identical to that made in his motion to withdraw guilty plea which was addressed in Point I and denied.