**STATE of Missouri, Plaintiff/Respondent,**

v.

**Deollo BROWN, Defendant/Appellant.**

No. 68136.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 7, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 17, 1996.

4 ■ 

Allen I. Harris, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Asst. Atty. Gen., Jefferson City, for Respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a conviction for murder in the first degree, assault in the first degree and two counts of armed criminal action. Defendant argues there was insufficient evidence to support a verdict of guilty and trial court error in allowing hearsay statements. We affirm.

■ When deciding whether the evidence was sufficient to support the verdict this court must view the evidence in the light most favorable to the state. We accept as true all substantial evidence and all legitimate inferences which support the verdict. State v. Gonzalez–Gongora, 673 S.W.2d 811, 813 (Mo.App.1984). All evidence unfavorable to the state must be disregarded and the submissibility of the case will be determined upon the basis of all of the evidence which favors the state. Id. The evidence in the light most favorable to the state is as follows.

On November 20, 1993 shortly after midnight a 13 year old boy was murdered and his 14 year old friend injured as they stood on a lawn in the 4900 block of 20th Street. A small white car drove up, one of the occupants asked "Where is Eslow" and with that one or more of the occupants of the car opened fire on the two boys. The witnesses could not identify any of the people in the vehicle and there was conflicting testimony about how many people were in the car. Spent .30 and .32 caliber cartridges were found at the crime scene indicating two guns were used in the shooting.

Defendant was questioned in connection with the incident on four different occasions. His story changed with each statement but the statements viewed in the light most favorable to the state established the following: Defendant alleged Lavelle King (King) was responsible for the drive by shooting. Defendant admitted that he was with the shooter, King, earlier in the evening at a party when defendant's younger brother entered the party and claimed that a gang had shot at him. Defendant stated that King told him he wanted to go after the people responsible. Defendant admitted he knew King had a gun and he accompanied King in the car when the shooting occurred. He did not report the shooting to the police and at first denied any

knowledge of the crime. The jury found defendant guilty and this appeal followed.

In point one, defendant alleges there was insufficient evidence that he committed the crime because the only evidence of guilt were his own conflicting statements. Defendant initially argues it was improper for the jury to consider only consistent bits and pieces of each of defendant's four statements in order to establish guilt. In one statement, defendant said he knew King intended to do a drive by shooting but he was not with him when he did it. Later, defendant claimed he was in the car but did not know King was going to do a drive by shooting. Defendant argues the jury could not believe defendant had knowledge of the crime and was present at the time. We disagree. A jury is entitled to believe or disbelieve all, part or some of defendant's various statements in resolving inconsistencies and arriving at a verdict. *State v. Jeffries*, 858 S.W.2d 821, 824 (Mo.App.E.D. 1993). The jury was entitled to believe any part of defendant's four statements they found credible. They were not obligated to believe defendant's versions in total or reject them in total.

Defendant's statements provided sufficient evidence from which a jury could find defendant guilty. The case was presented to the jury on an accomplice liability theory. To hold one liable for the acts of another, he must have acted with or aided before or during the crime with the purpose of promoting the offense. § 562.041.1(2) RSMo 1994. Aiders and abetters incur liability by any form of affirmative advancement of the enterprise. *State v. Townsend*, 810 S.W.2d 726, 727 (Mo.App.E.D.1991). One who before or during the commission of a crime, intentionally and knowingly aids or encourages the commission of a crime is guilty of that offense. *Id.* Among other things, circumstances indicative of aiding and abetting are presence at the scene of the crime, flight therefrom and association with others involved before, during and after the commission of the crime. *Id.* Proof of any form of participation by the defendant is enough to support a conviction and participation can be inferred from the circumstances. *Id.* In this case, defendant had a motive for participating in the drive by shooting, revenge for the shots fired at his brother. Defendant admitted being in the car during the shooting and acknowledged that he knew before the shooting that King intended to do a drive by shooting. Defendant knew King had a gun. He did not report the crime to the police and denied any involvement or knowledge of the crime at first. These circumstances, association before and during the crime along with presence, knowledge, motive and defendant's attempt to coverup his involvement offered sufficient evidence from which a jury could find defendant intentionally aided and encouraged the drive by shooting. Point one is denied.

In point two, defendant argues the trial court erred in permitting hearsay statements which prejudiced defendant. Defendant's point two does not comply with Rule 30.06 and, therefore, he has preserved nothing for review. Rule 30.06 requires points relied on state briefly and concisely what actions of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. *State v. Childress*, 805 S.W.2d 729, 730 (Mo.App.E.D.1991). Absent these statements, a point preserves nothing for review. *Id.* Defendant's point does not state wherein and why the trial court erred. It does not indicate the action of the trial court to which defendant objects. The argument section does not contain citations to the record and does not cite any authority. Accordingly, defendant has preserved nothing for review and the point is, therefore, denied.

Affirmed.

SIMON and HOFF, JJ., concur.