**CITY OF BELTON, Missouri,**
**Respondent,**

v.

**James B. HORTON, Appellant.**

**No. WD 53006.**

Missouri Court of Appeals,
Western District.

June 24, 1997.

Wm. N. Marshall, III, Kansas City, for respondent.

James B. Horton, Kansas City, party acting pro se.

PER CURIAM.

James B. Horton appeals his convictions in the Circuit Court of Cass County for operating a motor vehicle without a license plate, operating a motor vehicle without a valid operator's license and failing to produce proof of insurance in violation of Municipal Ordinances of the City of Belton (respondent).

Appellant, who was pro se at trial, as well as on appeal, raises four points in this appeal. It is difficult to discern precisely what appellant's claims of error are, but the essence of all four points seems to be that the trial court lacked jurisdiction over him.

### Facts

Appellant was stopped by Corporal Victor Kurtz of the Belton Police Department on October 1, 1995, for driving without a state license plate. Rather than a license plate, appellant's vehicle bore a sign stating the following:

Public Notice: Non-commercial, private property
CITIZEN OF MISSOURI
HORTON
In exercise of RIGHT TO TRAVEL streets & highways
Mo. Const. Art. I, Sect. 1,2,10,11,14,22(a),
28,31 / RSMo 1.200, 301.120, 301.320
46 Mo. 574, St. Louis v. Grone /
29 Mo.App. 280, Hannibal v. Price
U.S. Constitution Art. IV, Sect. 2;
Ammendment [sic] Art. V,IX,XIV

Appellant also failed to produce a valid operator's license or proof of insurance when asked. After a computer inquiry revealed that appellant's operator's license had expired in September of 1994, Corporal Kurtz placed him under arrest, charging him with operating a motor vehicle without a valid operator's license, operating a motor vehicle without a license plate and failing to provide proof of insurance.

Appellant was tried and convicted in the Belton Municipal Division of the Cass County Circuit Court. He applied for a trial *de novo*, and on March 25, 1996, he was tried in Division IV of the Circuit Court of Cass County before the Honorable Thomas M. Campbell. After considering the evidence and appellant's motions to suppress evidence and dismiss charges, the trial court found appellant guilty of all three charges and imposed fines of $25 for operating a motor vehicle without a license plate, $50 for operating a motor vehicle without a valid operator's license and $25 for failing to provide proof of insurance, plus court costs. Appellant now appeals.

### Discussion

We find it difficult to discern precisely what appellant's claims of error are, but he essentially seems to claim in all four points that the trial court erred in not finding that it lacked jurisdiction over him. For example, appellant claims in his discussion of his fourth point that because there was yellow fringe around the American flag in the courtroom, the trial court was thus a "foreign power," and the trial judge was the "supreme ruler of a foreign power," devoid of any jurisdiction over him.

Briefs to an appellate court must contain points relied on. Rule 30.06(a). The points relied on must state briefly and concisely what actions or rulings of the trial court are to be reviewed and wherein and why they are claimed to be erroneous. Rule 30.06(d); *State v. Brown*, 924 S.W.2d 3, 5 (Mo.App.1996). Setting out mere abstract statements of law without showing how they are related to any action or ruling of the court does not comply with Rule 30.06. Rule 30.06(d); *State v. Adkins*, 800 S.W.2d 28, 32 (Mo.App.1990). When an appellant's point relied on does not comply with Rule 30.06, he or she has preserved nothing for review. *Brown*, 924 S.W.2d at 5; *State v. Childress*, 805 S.W.2d 729, 730 (Mo.App.1991).

Here, appellant's points relied on essentially state only that the trial court erred in not determining that it lacked jurisdiction over him. He fails to explain wherein and why the trial court's actions or rulings were erroneous. They are merely abstract statements of law and allegations of error without any showing of how they are legally or factually related to any actions or rulings of the

court. Accordingly, we must dismiss appellant's appeal.

### Conclusion

Appeal dismissed for failure to comply with Rule 30.06(d).