**STATE of Missouri, Respondent,**

v.

**John Kelly CROW, Appellant.**

**No. WD 59769.**

Missouri Court of Appeals,
Western District.

Nov. 13, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 26, 2001.

Application for Transfer Denied
Jan. 22, 2002.

ny by Mr. Crow going to his intent to commit the crimes charged, we reverse and remand for a new trial.

Emmett Queener, Asst. Public Defender Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Susan K. Glass, Asst. Atty. Gen., Jefferson City, for Respondent.

RONALD R. HOLLIGER, Judge.

This is an appeal from a criminal conviction for two counts of failing to file a Missouri individual tax return. Section 143.931, RSMo. 2000.[1] John Kelly Crow was convicted in Boone County, Missouri, of failing to file tax returns for the years 1996 and 1997. Mr. Crow argues that his conviction and sentence violated due process because the Department of Revenue did not notify him of any deficiency before criminal charges were filed, because he was not allowed to call a witness who would have testified that the Department of Revenue had no information indicating that he was required to file a federal tax return, because he was prohibited from testifying regarding the good faith basis of his belief that he did not have to file a tax return, and because the trial court did not allow one of his witnesses to testify as an expert. We find that the Boone County prosecutor had no obligation to postpone prosecution of Mr. Crow until the Department of Revenue had followed their procedure, that the trial court did not abuse its discretion in determining that the testimony of Diane Luebbering was not relevant and that the trial court properly found that witness Wayne Bentson did not qualify as an expert. However, because the trial court improperly excluded certain testimo-

## Statement of Facts

Mr. Crow, an attorney specializing in estate planning, was charged with two counts of failing to file individual income tax returns for the years 1996 and 1997, in violation of § 143.931 RSMo 1994. Under § 143.481(1), Mr. Crow was required to file Missouri returns for 1996 and 1997 if (1) he was required to file federal returns, and (2) his adjusted gross income was over $1,200. The State presented evidence that Crow's adjusted gross income was $301,123 for 1996 and $313,518 for 1997. Mr. Crow had filed income tax returns for 1993 and 1994, when he was employed by another attorney. He did not file returns for 1996 or 1997, when he was self-employed. He testified that he believed that he was not required to file federal returns because he had no "income" under the federal tax laws. Mr. Crow testified that this belief was based on the lack of a definition of the term "income" in the federal statutes, and a narrow definition of "income" in the Code of Federal Regulations.

Mr. Crow sought to call Diane Luebbering, an employee of the Missouri Department of Revenue who served as a liaison between that agency and the IRS, to testify on his behalf. The State objected to Ms. Luebbering's testimony because she had not been disclosed as a witness. The trial court ruled, based on defense counsel's statement that Ms. Luebbering would have testified that the Department of Revenue had no information from the IRS indicating that Mr. Crow was required to file a federal return. The trial court ruled

---

**1.** All statutory references are to RSMo 2000 unless otherwise indicated.

that Ms. Luebbering's testimony would not be relevant and it was excluded.

The defense called one other witness, Wayne Bentson. The defense attempted to have Mr. Bentson qualified as an expert based on his familiarity with the federal tax code and regulations and his experience interpreting IRS documents. Mr. Bentson was allowed to testify, but he was held by the court not to be qualified as an expert. He testified regarding the history of the Internal Revenue Code, but he was not permitted to testify regarding his interpretation of the Code.

At trial, the State objected to some of Mr. Crow's testimony regarding information he received from the IRS, and his good faith reliance on that information. Some of the objections were timely and others were not. In some cases no offers of proof were made after an objection was sustained. In some cases the court ordered the testimony stricken and in others it did not. The State also objected to Mr. Crow's testimony regarding the Individual Master File he had obtained from the IRS without its admission into evidence, and objected to the admission of that document into evidence. Those objections were also sustained.

Mr. Crow was found guilty of both counts of failing to file an individual tax return. He was sentenced to three years imprisonment on each count, to be served concurrently. The trial court ordered the sentence stayed pending appeal.

### Point I

■ In his first point on appeal, Crow argues that he was denied due process by the Department of Revenue's failure to follow its procedure before it referred the case to the Boone County prosecuting attorney. He argues that he had no opportunity to protest his tax liability because the Director of Revenue failed to follow § 143.611, RSMo 1994 by notifying him of his deficiency. He argues that the denial of the opportunity to administratively protest his tax liability before he was prosecuted means that his conviction and sentence violate due process.

In order to preserve this constitutional question for review, Crow was required to raise it in the trial court at the earliest opportunity. *Lancaster v. Stubblefield,* 985 S.W.2d 854, 857 (Mo.App.1998). Crow acknowledges that no motion to quash, motion to dismiss or other relief was sought in the trial court upon the ground now claimed.

Because appellant is not able to specify what the trial court might have done to address this issue, his point on appeal violates Rule 30.06 and Rule 84.04 and, therefore, presents nothing for review. *State v. Brown,* 924 S.W.2d 3, 5 (Mo.App. 1996). Although Point I is deficient in several respects, its fatal flaw is its failure to allege any erroneous action or ruling of the trial court. Crow's argument contains various abstract statements that fail to correct the deficiencies of his point relied upon. Although the State makes a valiant effort to respond, the mere breadth of its response demonstrates its inability to really discern the nature of Crow's complaint and any trial court error. At best we might surmise that Crow claims some misconduct by the State in criminally prosecuting him without first taking steps under civil or administrative law to collect any tax. He cites no authority for that proposition. Nor does he cite any authority or even make a direct argument that somehow the trial court lacked jurisdiction or that the verdict was not supported by the evidence. Because we are unable to discern the factual or legal basis for this complaint or any respect in which the trial court may have erred, we will not exercise

our discretion to conduct a plain error review. Point One is denied.

## Points II and IV

In his second and fourth points on appeal, Mr. Crow argues that he was denied due process as a result of the trial court's rulings regarding two of his witnesses. The first, Diane Luebbering, was an employee of the Department of Revenue. After an objection by the State, the trial court held that Ms. Luebbering's testimony would not be relevant. The second witness was Wayne Bentson. Mr. Crow attempted to have Mr. Bentson qualified as an expert witness based on his familiarity with the Internal Revenue Code and its history. The trial court sustained the State's objection to Mr. Bentson's qualifications as an expert witness based on his lack of formal training. Mr. Bentson was permitted to testify regarding the history of the Internal Revenue Code, but was not permitted to testify as to his legal interpretation of it. On appeal, Mr. Crow argues that the trial court abused its discretion when it prohibited Ms. Luebbering from testifying and when it prohibited Mr. Bentson from testifying as an expert witness.

■ The fundamental right of the criminal defendant to due process of law includes the right to present witnesses in his defense. *State v. Bashe*, 657 S.W.2d 321, 324 (Mo.App.1983). Although the criminal defendant has a right to call witnesses, the trial court has broad discretion to decide whether the testimony is relevant, and the decision of the trial court will be overturned only upon a finding of an abuse of discretion. *State v. Boone*, 869 S.W.2d 70, 74 (Mo.App.1993). The defense intended to call Ms. Luebbering to testify that the IRS had not told the Department of Revenue that Mr. Crow was required to

file a federal return. The trial court ruled that this testimony would not be relevant.

■ Evidence is admissible if it is logically and legally relevant. *State v. Aye*, 927 S.W.2d 951, 956 (Mo.App.1996). To be logically relevant evidence must tend to prove or disprove a fact in issue. *State v. Strughold*, 973 S.W.2d 876, 887 (Mo.App.1998). Legally relevant evidence is evidence whose probative value outweighs its prejudicial effect. *State v. Evans*, 992 S.W.2d 275, 287 (Mo.App.1999). Crow's theory of defense was that he was not required to file a federal tax return under § 143.481, a predicate fact for a conviction under § 143.931 for failure to file a Missouri tax return. The testimony offered from Ms. Luebbering did not tend to prove or disprove this predicate fact. At best it would have only proved that the Department of Revenue had no information from the IRS indicating whether Crow was required to file a federal return. The offer of proof did not contain any proposed testimony that the IRS had told the Department of Revenue that Crow was not required to file a federal return.

■ Trial courts are vested with broad discretion in admitting evidence. *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998). Review is for abuse of discretion. *Strughold*, 973 S.W.2d at 887. The trial court's ruling was not clearly against the logic and circumstances and does not shock our sense of justice or indicate a lack of thoughtful consideration. *State v. Brown*, 939 S.W.2d 882, 883–84 (Mo. banc 1997). The trial court did not abuse its discretion in sustaining the objection to Ms. Luebbering's testimony.

■ The trial court also has discretion to determine whether a witness qualifies as an expert. Assuming that expert testimony is proper, such testimony must come from a witness having knowledge or

skill based on education or experience. *State v. Scott*, 996 S.W.2d 745, 748 (Mo. App.1999). Mr. Bentson's lack of formal training in the fields of accounting or law did not necessarily preclude him from testifying as an expert witness, since expert witness may be qualified on the basis of practical experience. *State v. Futo*, 932 S.W.2d 808, 820 (Mo.App.1996). However, the trial court's refusal to qualify Mr. Bentson as an expert because of his lack of formal training was not an abuse of its discretion. *See State v. Love*, 963 S.W.2d 236, 241 (Mo.App.1997). Although Bentson claimed to have read the Internal Revenue Code and its regulations, that fact did not establish that he had any special knowledge or experience with how they are interpreted or applied.

## Point III

In his third point on appeal, Crow argues that he was prohibited from testifying to his good faith belief that he was not required to file a federal tax return. Specifically, he complains of a number of times that the State's objections to questions of him by his counsel were sustained, and of one instance where an exhibit offered during his testimony was excluded.

 The State acknowledges that Crow's defense was his good faith belief that he was not required to file a Missouri tax return for the years in question. More specifically, and in a legal context, that defense is that he did not *"willfully with intent to defraud"* fail to file a return. Section 143.931. Crow argues that the basis of his belief that he did not have to file a return was crucial to his defense even if he was mistaken about the meaning of the law. The right to present a defense is a fundamental element of due process. *State v. Allen*, 800 S.W.2d 82, 86 (Mo.App. 1990).

The State agrees that willfulness is an element of the offense under § 143.931. The State never responds on the merits as to whether the objected to portions of Crow's testimony were logically relevant to his defense. Rather the State argues that either (1) the record refutes his claim that his testimony in his own defense was thwarted; (2) that he made no offer of proof and we cannot therefore review his claim; or (3) that he suffered no prejudice from the exclusion of the evidence in question.

In oral argument, the State claimed that even though its objections were sustained in several instances, the objections came after the answer was given. The State claims that because it made no motion to strike, the evidence remained before the jury for its consideration. The State provided no legal authority for this latter proposition, but independent research by the court has discovered its genesis as will be discussed below.

 The State is correct that Crow failed in several instances to make an offer of proof to preserve his record after an objection had been sustained. Such an offer is necessary to preserve the matter for appellate review. *State v. Lucas*, 992 S.W.2d 353, 353–354 (Mo.App.1999). Without such an offer, a reviewing court cannot be certain of the answer that would have been given and is unable to evaluate that answer in light of the proper legal standard. It is the responsibility of the offering party to establish the admissibility of the rejected evidence and the court's error in its exclusion. *State v. Myers*, 997 S.W.2d 26, 32 (Mo.App.1999). To the extent the rulings of which Crow now complains were not followed by an offer of proof, we are presented nothing for review.

In *Ashley v. Williams*, 365 Mo. 286, 281 S.W.2d 875, 880 (1955), a defendant had

objected several times after the witness had answered the question. No motion to strike the answer or to instruct the jury to disregard was made. The Court said:

> The sustaining of an objection does not have the effect of striking out the answer in the absence of a motion to strike the testimony given. Even though the answers of the witness were conclusions, the testimony remains in the case where there is no motion to strike and the credibility of such testimony is for the jury. (internal citations omitted)

*Id. Ashley* has been cited for this proposition several times but in only one instance was a jury case involved.[2] In *Allen v. Hayen*, 320 S.W.2d 441, 447 (Mo.1959), a witness testified that he had performed tests to determine the distance at which he could see an object in the roadway and the time he had to swerve in order to avoid that object. The appellate court believed the objection to be proper, although late. Because the test conditions were dissimilar to the conditions at the time and place of the accident, the court considered the evidence of the distance to the extent of its evidentiary value and without deciding its competency to determine whether plaintiff had made a submissible case of humanitarian negligence. We do not consider, but note with some interest, that all of the jury cases mentioned on this point are pre MAI Instruction No. 2.01, which instructs the jury to disregard any matter to which the court sustains an objection. We also note that each of the cited cases involves a question whether a party has produced sufficient evidence to support or prove some element of that party's case. Nonetheless, we need not further consider this question since we are confronted with a criminal case and a substantially different introductory instruction which directs a jury to disregard *questions* (rather than "any matter") to which an objection is sustained and otherwise only instructs the jury to disregard matters which have been stricken. MAI Cr.–3d 302.02.

We have discovered only one criminal case appearing to support the proposition urged by the State. In *State v. Hirt*, 16 S.W.3d 628, 634 (Mo.App.2000), the trial court sustained an objection by the State that came after a statement was made by a defense witness. The State did not request that the testimony be stricken or that the jury be instructed to disregard it. The court said, albeit without citation to authority, that although the State's objection was sustained after the answer, the testimony "was heard by the jury" which was not instructed to disregard it, and the evidence "was still available for the jury's

**2.** In *Ferrell v. Sikeston Coca–Cola Bottling Co.*, 320 S.W.2d 292, 296 (Mo.App.1959) in fact there was not only no motion to strike, but also no objection. The case therefore stands for the different proposition that the finder of fact can consider all evidence to which no objection or motion to strike is made. Similar is *Bourne v. Manley*, 435 S.W.2d 420, 428 (Mo.App.1968). In *Hallmark v. Stillings*, 648 S.W.2d 230, 233 n. 3 (Mo.App.1983) (a replevin case) a question was withdrawn after the witness answered and there was no motion to strike. In *Skinner v. Dawson Metal Prods.*, 575 S.W.2d 935, 940 (Mo.App.1978) (a workmen's compensation case) the court did hold that when the objection came after the answer, the Industrial Commission could consider the testimony without a motion to strike. Finally in *Simmons v. Dir. of Revenue*, 3 S.W.3d 897, 900 (Mo.App.1999) this court, relying on *Ashley*, held that testimony that the defendant was driving, which was apparently hearsay, remained before the trier of fact when the objection came after the answer and there was no motion to strike. The opinion goes on to consider that there was other evidence in the form of an admission by the driver, and, therefore, there was no prejudice. *Simmons* also relies upon *In re J.L.L.*, 402 S.W.2d 629, 634 (Mo.App.1966) and *Fellows v. Farmer*, 379 S.W.2d 842, 846 (Mo.App. 1964). In both of those cases there was neither objection nor motion to strike.

consideration." *Id.* This court went on to analyze the objection, finding that the testimony was not hearsay and that the circuit court had erred in sustaining the State's objection. Ultimately this court found that the defendant's right to a fair trial had not been prejudiced because the jury had heard the statement and because the statement did not directly support the defense or negate an element of the State's charge. *Id.*

The court in *Hirt* did not address whether the defendant had preserved his claim of error, and it did not mention or discuss any concepts of waiver. The gist of the State's contention at oral argument in the instant case seems implicitly to be that Crow has not preserved his claim of error because the testimony was not stricken. We do not need to resolve this question. We do, however, note the incongruity inherent in this argument. Such a result would require the offering party, after objection is sustained, to either ask the judge to strike the party's own evidence or ask the opposing party to make that request. Nevertheless, *Hirt* apparently does stand for the proposition that evidence which is heard prior to successful objection and which is not struck can be considered in evaluating the prejudice alleged from an erroneous evidentiary ruling.

The State in the instant case does go on to argue that Crow suffered no prejudice. Crow was asked whether he believed that he was required to receive a "6001 Notice" telling him that he must file a return. The State's objection was that the question called for a conclusion of law. The State objected to that testimony, and to any other testimony that Crow believed he was entitled to such notice under § 143.611. The State's untimely objection was sustained and the judge (as is certainly permissible) instructed the jury to disregard

the answer despite the State's failure to request that relief.

These questions all are relevant to Crow's acknowledged defense that, based on his study and understanding of the law, he acted in good faith and did not willfully fail to file a Missouri tax return. We reject the State's suggestion that any errors were not prejudicial. The questions involved went directly to the heart of Crow's defense. Their exclusion is not cured simply because he was allowed to state without objection and without explanation that he did not think he had to file. Perhaps the State's concern was that to allow testimony from an attorney over objection would be to suggest to the jury that the court agreed with the legal opinion of the witness. If this was the case, that concern could have been addressed without barring the testimony. A court may not be required to accept legal opinion testimony that it obviously believes is wrong, but neither may it refuse such testimony in a criminal case where the testimony provides the basis, albeit wrong or misadvised, for the defendant's belief that was not required to file a return.

Although there were other questions to which the State objected and of which Crow complains, in none of those instances have we been provided a sufficient record to evaluate the propriety of the trial court's exclusion. It is Crow's obligation to establish the admissibility of his evidence. Without offers of proof or otherwise sufficient record, we cannot make that determination. In other instances we have a brief answer, but we do not have a sufficient record to determine the relevancy of the proposed inquiry.

■ Because it is likely to be an issue on retrial, there is one other evidentiary matter that we must address. The trial court sustained the State's objection to Mr. Crow's testimony about his Individual

Master File (IMF), which he received from the IRS in response to his Freedom of Information Act request, because the document was not admitted into evidence. The trial court also sustained the State's hearsay objection to the introduction of that document itself into evidence. The defense argued that the document was admissible under the business records exception to the hearsay rule. However, the trial court ruled that the document was not self-proving, since there was no one to testify to its identity and mode of preparation and it had not been certified by an Act of Congress.

On appeal, Crow argues that the trial court erred in refusing to admit his IMF into evidence.

The trial court did not err in refusing to admit the IMF into evidence. In order to qualify under the business record exception to the hearsay rule, the custodian or another qualified witness must testify to the identity of the document and its mode of preparation. Section 490.680, RSMo 1994. Since there was no one to testify in this capacity, it was within the trial court's discretion to exclude the document. Crow cites no authority that the evidentiary foundation as a business record is satisfied because he received it under FOIA.

Crow also argues that even if the trial court did not err in refusing to admit the document it erred in refusing to let him testify regarding its content, because the document was offered to explain his subsequent conduct, rather than the truth of the matter asserted. Although the document may have helped to explain Crow's conduct, its main purpose was to prove the truth of the matter asserted; that Crow was not required to file a federal income tax return. The trial court, therefore, did not abuse its discretion by refusing to admit the document into evidence. *State*

*v. Barnett,* 980 S.W.2d 297, 306 (Mo. banc 1998).

For the reasons stated, the cause is reversed and remanded for a new trial.

EDWIN H. SMITH, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.