**STATE of Missouri, Respondent,**

v.

**James A. KIRK, Appellant.**

**No. WD 62240.**

Missouri Court of Appeals,
Western District.

May 28, 2004.

Amy M. Bartholow, Columbia, MO, for appellant.

Deborah Daniels, Jefferson City, MO, for respondent.

Before EDWIN H. SMITH, P.J., HOLLIGER and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

James Kirk was convicted by jury of kidnapping and second-degree robbery, and sentenced to serve a total of twenty-two years in prison. On appeal, Kirk contends the trial court abused its discretion in excluding evidence of his statements to police. He argues the "rule of completeness" required admission of the full statement after the State relied on a select portion of the statement at trial. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Viewed in a light most favorable to the judgment, the evidence at trial established that Kirk robbed the Security Finance Corporation of Warrensburg, Missouri on July 29, 2001. Kirk held the branch manager, Vicky Sellers, captive during the robbery and attempted to subdue her with a stun gun.

When questioned later by police, Kirk admitted his involvement in the robbery but stated that Sellers was also a willing participant. He gave a written statement indicating Sellers agreed to be held captive and shocked with a stun gun to create more "drama." Kirk admitted purchasing the stun gun at the Family Pawn Shop in Warrensburg.

Kirk was charged with kidnapping, § 565.110,[1] and second-degree robbery, § 569.030. Prior to trial, the State filed a motion to preclude the defense from eliciting evidence of his statements to police. The court granted the motion on grounds that the defendant's prior consistent statements were not admissible, as exceptions to the hearsay rule, to bolster his trial testimony.

At trial, Donald Murphy, an employee of the Family Pawn Store, was a witness for the State. Murphy testified that Kirk purchased the stun gun at the store in Warrensburg.

The State also presented testimony from Detective Benny Sheffield regarding evidence removed from the scene of the robbery. At the conclusion of Sheffield's direct testimony, defense counsel announced her intention to cross-examine him about his investigation of the stun gun. The State was permitted to *voir dire* Sheffield on that subject, preparatory to making an objection. Sheffield told the court he investigated Kirk's purchase of the stun gun

1. All statutory citations are to the Revised Statutes of Missouri 2000.

by going to the Family Pawn Shop, the only pawn shop in Warrensburg. Regardless of any information the police obtained from Kirk, Sheffield testified he routinely visited that pawn shop to investigate cases involving the use of stun guns. Sheffield further stated the police had received information from Vicky Sellers that Kirk may have purchased the stun gun from the Family Pawn Shop.

Based on the *voir dire*, the court allowed the defense to question Sheffield about the pawn shop investigation but refused the additional request to admit evidence of Kirk's complete statement to police. The defense argued the entire statement was admissible because the police partially relied on the statement in determining the origin of the stun gun. The court rejected the argument, stating the defendant would not be permitted to "backdoor" the hearsay rule by introducing his prior consistent statement. The court explained that the State could introduce the statement as the admission of a party opponent, or the defense could rely on the statement as a prior consistent statement only if the State sought to impeach Kirk's testimony.

Kirk testified at trial, consistent with the information he gave police. The jury found him guilty of robbery and second-degree kidnapping, and he was sentenced to consecutive prison terms of twelve and ten years, respectively.

POINT ON APPEAL

In his sole point on appeal, Kirk contends the trial court erred in excluding evidence of his statement to police. The trial court has considerable discretion in determining whether to admit or exclude evidence; thus, we generally review such matters for an abuse of discretion and will reverse only upon a showing of prejudicial error. *State v. Pettaway*, 81 S.W.3d 126, 131 (Mo.App. W.D.2002). The State con-

tends only plain error review is available to Kirk because he failed to preserve the alleged evidentiary error by making an offer of proof regarding his statement to police. See *State v. Schneider*, 736 S.W.2d 392, 401 (Mo. banc 1987); Rule 30.20. Kirk responds that no offer of proof was required because the contents of his statement were discussed several times and a sufficient record was made to allow the trial court to make the evidentiary ruling. See *State v. Crow*, 63 S.W.3d 270, 277 (Mo.App. W.D.2001). We need not resolve whether review is appropriate for an abuse of discretion or plain error because, under either standard, Kirk has failed to demonstrate any error by the trial court.

ANALYSIS

Kirk contends his full written statement to police was admissible because the prosecution relied on a portion of the statement in presenting evidence at trial. He asserts the police used information derived from the statement to investigate the Family Pawn Shop and then enabled the State to present testimony from shop employee Donald Murphy regarding the stun gun purchase. Kirk argues that where portions of his confession are used by the State, the rule of completeness requires that the defendant be allowed to introduce any exculpatory evidence in the remainder of the statement. *State v. Beatty*, 849 S.W.2d 56, 59 (Mo.App. W.D.1993).

"The rule of completeness seeks to ensure that a statement is not admitted out of context." *State v. Skillicorn*, 944 S.W.2d 877, 891 (Mo. banc 1997). "The rule is violated only when admission of the statement in an edited form distorts the meaning of the statement or excludes information that is substantially exculpatory to the declarant." *Id.* Kirk was not entitled to relief under this rule because he failed to show that the State either relied

upon or distorted his statement in presenting evidence at trial.

Kirk's statement was not the only source leading the police to investigate the Family Pawn Shop. As an experienced investigator, Detective Sheffield testified he went to that location because stun guns are typically sold at pawn shops and that was the only pawn shop in Warrensburg. The kidnapping victim, Vicky Sellers, had also told police about the possibility the stun gun had been purchased at the Family Pawn Shop. Thus, the State did not have to rely on Kirk's statement in order to present the testimony of Murphy, the pawn shop employee. The rule of completeness is not applicable because the State never directly or indirectly sought to use any portion of Kirk's statement at trial. *State v. Cardona–Rivera*, 975 S.W.2d 200, 205 (Mo.App. S.D.1998).

Even if Kirk's statement had provided the only lead to the Family Pawn Shop, the State in no way distorted the meaning of the statement in presenting evidence about the purchase of the stun gun. Murphy's testimony was entirely consistent with Kirk's admission that he purchased the weapon at the Family Pawn Shop. Kirk has not made any argument on appeal that his statement was taken out of context or that there was other evidence in the statement disputing his acquisition of the stun gun. Kirk argues only that there was other exculpatory evidence in the statement regarding the kidnapping charge, because he told police Vicky Sellers was not held captive and was a willing participant in the robbery. The State, however, did not rely upon that part of the statement in presenting any evidence at trial. Unless the exculpatory confession is relevant to portions of the statement relied on by the State, the rule of completeness does not require that the full statement be admitted into evidence. See *Beatty*, 849 S.W.2d at 59 ("relevant exculpatory statements ... are admissible if other portions of the confessions are used by the prosecution.")

The trial court properly ruled the defense could not admit Kirk's statement into evidence because it was a prior consistent statement that did not fall within any exception to the hearsay rule. We find no error in the court's refusal to admit the statement under the rule of completeness, in that the State neither relied on Kirk's information nor distorted the meaning of his confession concerning the purchase of the stun gun. Point denied.

The trial court's judgment is affirmed.

All concur.