**STATE of Missouri, Respondent,**

v.

**James Joe CARRUTH, Appellant.**

**No. WD 64067.**

Missouri Court of Appeals,
Western District.

July 5, 2005.

Dimitra Yvette Massey, Kansas City, MO, for appellant.

Deborah Daniels, Jefferson City, MO, for respondent.

Before: SMART, P.J., HOLLIGER and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

James Carruth was convicted of possession of a controlled substance, § 195.202,[1] and sentenced as a prior offender to a six-year prison term. On appeal, he challenges the sufficiency of the evidence to support his status as a prior offender.

At trial, the State sought to prove Carruth had been previously convicted of a felony under the name "DeShawn Jones." The State presented a certified copy of a 1993 conviction for DeShawn Jones from the City of St. Louis for felony possession of a controlled substance. The State also offered Exhibit 21, which was a card containing the fingerprints taken from DeShawn Jones on January 17, 1992, following his arrest on the felony charge.

Marcia Hale, a laboratory technician with the Missouri Highway Patrol testified that the fingerprints in Exhibit 21 matched the fingerprints taken from Carruth after his most recent arrest. The circuit court admitted Exhibit 21 into evidence, overruling a defense objection that the fingerprint card had not been authenticated by someone from the St. Louis City Police Department. The court then relied on the fingerprint evidence in determining that Carruth was a prior offender who had committed a felony under the name of DeShawn Jones.

■ In his sole point on appeal, Carruth contends the court abused its discretion in admitting Exhibit 21 without foundational evidence to show how the fingerprint card was prepared. The trial court has broad discretion in determining whether to admit or exclude evidence. We review such matters for an abuse of discretion and will reverse only upon a showing of prejudicial error. *State v. Kirk*, 134 S.W.3d 804, 806 (Mo.App.2004).

■ The State contends that only plain error review is available because the issue on appeal differs from the evidentiary objection at trial and, thus, Carruth failed to preserve his claim. At trial, Carruth objected that Exhibit 21 had not been properly authenticated by the officer who took the prints. On appeal, he argues the fingerprint card was not properly authenticated because there was no evidence showing its mode of preparation. Although the trial objection and argument on appeal are phrased differently, both raise foundational challenges to the manner in which the fingerprints were originally obtained. The defense objection preserved the claim on appeal. Accordingly, abuse of discretion is the appropriate standard of review.

---

1. All statutory citations are to the Missouri Revised Statutes 2000, unless otherwise indicated.

The circuit court admitted Exhibit 21 into evidence under the business records exception to the hearsay rule. Section 490.680 defines this exception under Missouri law:

A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.

The trial court has considerable discretion in determining whether a sufficient foundation exists to support the admission of business records, provided that minimal requirements are met. *State v. Williams,* 797 S.W.2d 734, 739 (Mo.App.1990).

 Fingerprint cards can be admitted under the business records exception even when the qualifying witness is not the person who took the fingerprints. *Id.* The qualifying witness must establish that he or she has knowledge of the standard procedures used by a particular jurisdiction to collect fingerprints from arrestees. *Id.*

The testimony of Marcia Hale was sufficient to satisfy this foundational requirement. Hale is a latent print technician and a custodian of records for the Highway Patrol. She is certified to take, classify, and compare fingerprints, having completed eighty hours of forensic identification training and an additional six months of on-the-job training as a latent technician. Hale testified that the Highway Patrol maintains a computerized database of fingerprint cards received from the St. Louis City Police Department and other agencies. The Police Department records the fingerprints by rolling each of the arrestee's fingertips across a "ten-print card." The Police Department then scans the card into a computer, where the fingerprints are captured and digitally transmitted to the Highway Patrol for database storage in the Automated Fingerprint Identification System (AFIS). Hale testified that the ten-print card records are maintained by the Highway Patrol in the ordinary course of business.

Hale further testified that the Highway Patrol received and maintained fingerprint records for DeShawn Jones from the St. Louis Police Department. She compared those records with the fingerprints the Highway Patrol had received for James Carruth from the Columbia Police Department. Based on her training in forensic identification, Hale determined that the two sets of fingerprints came from the same person.

Hale's testimony established the standard procedures used by the St. Louis Police Department to collect fingerprints. Her testimony qualified Exhibit 21 for admission as a business record under Section 490.680 because she identified the mode of preparation of the fingerprint card at the time of arrest and confirmed that it was transmitted to and maintained by the Highway Patrol in the usual course of business. We find no abuse of the circuit court's discretion in admitting the evidence, nor in relying upon it to determine that Carruth was a prior offender.

The judgment of the circuit court is affirmed.

All concur.