

# Missouri Court of Appeals
## Southern District

### In Division

DAVID K. HOLMAN,      )
     )
       Movant-Appellant,      )
     )
       v.      )      No. SD37744
     )
STATE OF MISSOURI,      )      **Filed:  May 21, 2024**
     )
       Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

The Honorable David A. Cole, Judge

**<u>AFFIRMED</u>**

David K. Holman ("Holman") appeals a Circuit Court of Lawrence County ("motion court") judgment denying his amended Rule 29.15 motion for post-conviction relief which sought to set aside convictions for murder in the first degree and armed criminal action following an evidentiary hearing.[1]  *See* sections 565.020 and 571.015.  Because the motion court's judgment denying Holman's amended motion was not clearly erroneous, we affirm.

---

[1]All rule references are to Missouri Court Rules (2017), and all references to statutes are to RSMo 2000, unless otherwise specified.  Rule 29.15 was revised effective January 1, 2018.  However, Rule 29.15(m) provides the revision applies to only those proceedings wherein sentence is pronounced on or after January 1, 2018:  "If sentence was pronounced prior to January 1, 2018, postconviction relief shall continue to be governed by the provisions of Rule 29.15 in effect on the date the motion was filed or

## Factual Background and Procedural History

Holman was charged by a felony information with murder in the first degree and armed criminal action for the death of his wife on or about December 10, 2013. A jury found Holman guilty of these offenses following a jury trial in July and August 2017. The trial court sentenced Holman to life imprisonment without parole for murder and 55 years' imprisonment for armed criminal action, each sentence to run consecutively with the other. Holman appealed to this Court, which affirmed his convictions on March 5, 2019. *See State v. Holman*, 570 S.W.3d 157 (Mo. App. S.D. 2019). This Court issued its mandate on March 21, 2019. The facts giving rise to Holman's convictions, as set forth in this Court's opinion on direct appeal, are as follows without further attribution:

Holman and R.H. ("Victim") had been married for about three years when Holman shot and killed Victim on December 10, 2013. Holman, who had a bullet wound to his upper arm, did not deny shooting Victim, but he claimed that he had done so in self-defense. The State's theory of the case was that Holman was an abusive husband who had killed Victim by shooting her in the back and then shooting himself in the arm in an attempt to support a self-defense claim.

Holman dialed 9-1-1 shortly after midnight and reported a shooting at his residence. When sheriff's deputies responded to the home, Holman hand-motioned the deputies to join him in the bedroom. When they did so, Holman was standing over Victim, who was lying face-up on the bed. Holman appeared to be "frantic" and "upset," and he seemed to be "looking for a

---

December 31, 2017, whichever is earlier." Rule 29.15(m) (2018). The motion in this case was filed in 2019. Holman was sentenced November 7, 2017. The rules in effect on December 31, 2017, govern Holman's Rule 29.15 motion.

pulse." Holman told the deputies that Victim "shot [him] with a 40 caliber so [he] shot her with a 357."

The deputies found a "40 caliber pistol under [Victim's] left elbow." Two bags were on the bed. One contained .40-caliber ammunition and other miscellaneous items. The other bag contained socks, undergarments, slippers, a purse with medicine and herbs, and "another single full metal jacket bullet." Outside the home, a white SUV believed to belong to Victim was packed with clothes, sleeping bags, and blankets.

Victim's sister ("Sister") testified that Victim had been trapped in an abusive relationship with Holman and had tried to leave him several times. Sister said that Holman had threatened and terrorized Victim with a gun, and Sister also read aloud to the jury a letter Victim had written to Holman during one of their periods of separation. The letter recounted occasions on which Holman had threatened to shoot Victim, to "blow [her] head off[,]" and pointed a gun in her face. Sister also testified -- this time over Holman's objection -- about specific instances of physical abuse Victim had recounted to Sister, including times when Holman had held a gun to Victim's face and threatened to blow her head off, drained gas from her tank to keep her from leaving, and repeatedly kicked her in the back after she had tried to leave him.

Trial counsel argued that Victim wanted to kill Holman to inherit his farm. He challenged much of the State's evidence at trial regarding blood spatter and ballistics, along with the State's theory of who had been positioned where when the shots were fired. In his closing argument, trial counsel emphasized that law enforcement had significantly mishandled the investigation and that no one was taking responsibility for those errors. He urged the jury to "hold our law enforcement responsible for how they present cases like this[.]" After deliberation, the jury found Holman guilty of both counts.

Following this Court's mandate, on June 6, 2019, Holman timely filed a *pro se* Rule 29.15 motion for post-conviction relief. On June 28, 2019, the motion court appointed the public defender's office to represent Holman and directed the court clerk to enter the order appointing counsel that same date. The amended motion would have been due on September 26, 2019, had the motion court's order been entered by the court clerk on the date directed. Rule 29.15(g). The clerk, however, did not enter the order until the following Monday, July 1, 2019.[2] Appointed counsel, following a timely request for an extension, timely filed an amended motion on September 30, 2019. Holman's amended motion claimed 13 claims of error, including 12 claims of ineffective assistance of counsel and one due process violation. Two of the 13 claims are relevant to this appeal: (1) Holman claimed trial counsel provided ineffective assistance of counsel by failing to investigate and hire a forensic expert or other qualified expert "to independently analyze [Holman's] wound to support [Holman's] position that he was shot from behind and returned fire in self-defense"; and, (2) Holman claimed pretrial counsel's "unethical expenditure of [Holman's] advanced fee prior to earning said fee and prior to conducting investigation and hiring necessary experts" constituted ineffective assistance of counsel and resulted in the inability of trial counsel to provide effective assistance of counsel.

On April 8, 2022, the motion court held an evidentiary hearing on Holman's claims. Prior to the hearing, on September 4, 2020, motion counsel filed a Notice of Intent to Admit

---

[2] In **Borschnack v. State**, this Court held an order of appointment is "**not effective** such as to trigger appointment of counsel" and the time calculations of Rule 29.15 unless and until appointed counsel receives notice of such appointment. 614 S.W.3d 561, 568 n.4 (Mo. App. S.D. 2020). Because appointed counsel did not receive notice of the appointment until notice was sent via the court's electronic filing system by the court clerk on July 1, 2019, counsel was not appointed until July 1, 2019, and the time for filing the amended motion did not begin to run until that date.

4

Business Records pursuant to section 490.692, consisting of 285 pages of business records from the Office of Chief Disciplinary Counsel ("OCDC") from a disciplinary hearing involving Holman's pretrial counsel. Also prior to the hearing, on March 9, 2022, motion counsel filed a second Notice of Intent to Admit Business Records, indicating his intent to admit the complete case file consisting of 82 pages from the Supreme Court of Missouri in that same disciplinary matter. At the evidentiary hearing and prior to calling the first witness, motion counsel moved to admit the records as Exhibit 3 and Exhibit 11. The motion court sustained the State's objection to admitting those records. The motion court did take judicial notice of the Supreme Court case.

On August 30, 2022, the motion court entered its Findings of Fact, Conclusions of Law, and Judgment as required by Rule 29.15(j) denying each of Holman's claims. The motion court's Findings of Fact, Conclusions of Law, and Judgment provided, in part, the following analysis in addressing Holman's first claim that trial counsel provided ineffective assistance of counsel by failing to investigate and hire a forensic expert:

> This claim is without merit. At the hearing in this matter, [Holman] called Dr. Jane Turner, a Forensic Pathologist to testify. Dr. Turner testified she believed [Holman] was shot from the front and not the back, in direct contradiction to the [Holman's] claim. Dr. Turner's testimony is in agreement with the prosecution witnesses who testified at trial that [Holman] was shot from the front.

In denying Holman's claim that pretrial counsel's "unethical expenditure of [Holman's] advanced fee prior to earning said fee and prior to conducting investigation and hiring necessary experts" constituted ineffective assistance of counsel and resulted in the inability of trial counsel to provide effective assistance of counsel, the motion court held in part,

> [Holman] presented no substantive evidence to support these claims. [Trial counsel] is an experienced criminal defense attorney who testified he did not believe expert witnesses would have been beneficial. He took numerous depositions and spent several hundred hours working on this case. There has been no evidence to support the outcome would have been different if [trial counsel] had made more money representing [Holman].

5

Holman timely filed this appeal claiming three points of motion court error.  Point I claims the motion court clearly erred in denying his claim of ineffective assistance of trial counsel in that trial counsel "failed to act as a reasonably competent attorney" by "failing to investigate and hire a medical forensics expert to independently analyze [Holman's] wound to support [Holman's] position that he was shot from behind and returned fire in self-defense."  Points II and III claim the motion court erred by failing to admit exhibits and consider certain exhibits in support of Holman's claims of ineffective assistance of counsel.

**Standard of Review**

Appellate review of the denial of post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous.  Rule 29.15(k); *Huckleberry v. State*, 674 S.W.3d 801, 802 (Mo. App. S.D. 2023).  The motion court's findings of fact and conclusions of law are clearly erroneous if the appellate court is left with the definite and firm impression that a mistake has been made.  *Lawrence v. State*, 628 S.W.3d 777, 779 (Mo. App. S.D. 2021).  The motion court's findings of fact are presumed correct.  *Rowland v. State*, 605 S.W.3d 125, 128 (Mo. App. S.D. 2020).

"This Court defers to 'the motion court's superior opportunity to judge the credibility of witnesses.'"  *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019) (quoting *Barton v. State*, 432 S.W.3d 741, 760 (Mo. banc 2014)).  The motion court is "entitled to believe all, part, or none of the evidence presented at the post-conviction hearing."  *State v. Hunter*, 840 S.W.2d 850, 863 (Mo. banc 1992).  "We view the record in the light most favorable to the motion court's judgment, accepting as true all evidence and inferences that support the judgment and disregarding evidence and inferences that are contrary to the judgment."  *Oliphant v. State*, 525

S.W.3d 572, 577 (Mo. App. S.D. 2017) (quoting *Winans v. State*, 456 S.W.3d 912, 916 (Mo. App. S.D. 2015)).

## Analysis

Point I

To be entitled to post-conviction relief on a claim of ineffective assistance of counsel, a movant must show that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that movant was prejudiced by counsel's deficient representation. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Parkus v. State*, 781 S.W.2d 545, 548 (Mo. banc 1989); *Felder v. State*, 88 S.W.3d 909, 913 (Mo. App. S.D. 2002). Prejudice sufficient to support a finding of ineffective assistance of counsel occurs when there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's unprofessional errors. *Hosier v. State*, 593 S.W.3d 75, 81 (Mo. banc 2019). "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of the trial]." *Id.* at 81 (quoting *Deck v. State*, 68 S.W.3d 418, 426 (Mo. banc 2002)).

Additionally, appellate inquiry into an attorney's performance "must be highly deferential." *Strickland*, 466 U.S. at 689. "To satisfy the *Strickland* performance prong, a movant 'must overcome the strong presumption that counsel's conduct was reasonable and effective.'" *Tisius v. State*, 519 S.W.3d 413, 420 (Mo. banc 2017) (quoting *Hoeber v. State*, 488 S.W.3d 648, 655 (Mo. banc 2016)). "Defense counsel has wide discretion in determining what strategy to use in defending his or her client." *Worthington v. State*, 166 S.W.3d 566, 578 (Mo. banc 2005). "Trial strategy decisions may be a basis for finding ineffective assistance of counsel only if that decision was unreasonable." *Watson v. State*, 520 S.W.3d 423, 435 (Mo. banc 2017). "Reasonable choices of trial strategy, no matter how ill[-]fated they appear in hindsight,

7

cannot serve as a basis for a claim of ineffective assistance." *Worthington*, 166 S.W.3d at 573 (quoting *Cole v. State*, 152 S.W.3d 267, 270 (Mo. banc 2004)); *see also* *Francis v. State*, 183 S.W.3d 288, 301 (Mo. App. W.D. 2005) ("[A] reasonable trial strategy is not ineffective assistance, even if, in hindsight, it was not the best strategy available."). "It is also not ineffective to pursue one reasonable trial strategy to the exclusion of another reasonable trial strategy." *Worthington*, 166 S.W.3d at 573. "This Court . . . has never found that a failure to litigate a trial perfectly constitutes ineffective assistance of counsel, nor does this Court believe a 'perfect' litigation to be possible." *Strong v. State*, 263 S.W.3d 636, 650 n.7 (Mo. banc 2008).

Holman's first point on appeal asserts the motion court clearly erred in denying his post-conviction motion alleging ineffective assistance of counsel because "trial counsel failed to act as a reasonably competent attorney under the same or similar circumstances by failing to investigate and hire a medical forensics expert to independently analyze [Holman's] wound to support [Holman's] position that he was shot from behind and returned fire in self-defense." Holman alleges prejudice in that, had such medical forensics expert testimony been presented, there is a reasonable probability he would have been found not guilty.

To support his claim, Holman presented testimony of Dr. Jane Turner, a forensic pathologist, at his Rule 29.15 evidentiary hearing. Dr. Turner testified that she evaluated photographic evidence of Holman's gunshot wound and concluded that the bullet travelled from front to back. As the motion court found when denying Holman's claim, Dr. Turner's testimony was in direct contradiction to his claim and consistent with the State's evidence from its expert witness, Dr. Norton, that the bullet travelled through Holman's arm from front to back. Holman concedes on appeal that Dr. Turner concluded that "the gunshot wound was in the front of [Holman's] arm" and that "the direction of travel was forward to backward." Holman failed to

8

present any evidence, expert testimony or otherwise, at the evidentiary hearing to support his position that he was shot from behind, and that he was therefore prejudiced by trial counsel's alleged error.

Additionally, trial counsel testified at the evidentiary hearing he did not hire an expert to investigate and support a self-defense theory because he "did not believe frankly an expert witness was necessary"; he believed the depositions with the medical examiner and detectives "were more than sufficient[.]" Trial counsel stated that his research regarding the trajectory of bullets matched that of Dr. Norton, the State's expert witness. Trial counsel opined the evidence presented was more than sufficient to support the theory of defense. Holman's trial counsel made a reasonable strategic decision to not hire a forensics expert to investigate and testify regarding his wound to support his self-defense theory at trial.

> The representation by counsel is presumed to be effective, and their decisions are presumed to be strategic. *State v. Kenley*, 952 S.W.2d 250, 268 (Mo. banc 1997). Trial counsel's selection of which expert witnesses to call at trial is generally a question of trial strategy and is virtually unchallengeable. *Goodwin v. State*, 191 S.W.3d 20, 29 (Mo. banc 2006).

*McLaughlin v. State*, 378 S.W.3d 328, 343 (Mo. banc 2012).

Further, to prevail on a claim of ineffective assistance of counsel for failure to locate and call an expert witness to testify, Holman was required to show that the expert existed at the time of trial, could have been located through reasonable diligence, *and that the testimony of the witness would have benefited his defense.* **State v. Davis**, 814 S.W.2d 593, 603-04 (Mo. banc 1991). Holman failed to show the motion court the existence of an expert whose testimony could have benefited his position that he was shot from behind. Therefore, he failed to establish he was prejudiced. The motion court correctly concluded that a "witness's testimony must unqualifiedly support [Holman] or the failure to call a witness does not constitute ineffective

9

assistance of counsel." Holman failed to establish trial counsel was ineffective for failing to call Dr. Jane Turner, or any other forensic expert, as an expert witness at trial.

While Holman's claim on appeal asserts trial counsel was ineffective for failing to investigate and hire a forensic expert to independently analyze his wound to support his position he was shot from behind and returned fire in self-defense, a large portion of Holman's argument in his brief following his point on appeal is directed toward Dr. Turner's testimony regarding Victim's bullet wounds, not his wound to his arm. While Dr. Turner did testify at the evidentiary hearing that, based on her review of the autopsy examination, Victim was shot from the front to back, that the bullet entrance was on the front of Victim, and, to a reasonable degree of medical certainty, it was not possible for Victim to have been shot in the back in direct contradiction to the State's expert's testimony at trial, Holman did not assert his claim on appeal regarding any alleged failure to present expert testimony at trial regarding how or where Victim was shot. Holman asserts this testimony would have made "it probable that Holman returned fire after being shot first." Trial counsel agreed that Dr. Turner's testimony regarding Victim "certainly would belie the notion of the State's theory that she was in a fetal position asleep and that she was shot in her back."

While Dr. Turner's testimony would have contradicted the State's evidence at trial that Victim was shot in the back, the extent to which the testimony would have made it probable that Holman acted in self-defense is questionable. Regardless, Dr. Turner's testimony regarding Victim was neither raised in Holman's post-conviction motion nor addressed by the trial court. Therefore, it is not before us on appeal. Issues or allegations not raised in a Rule 29.15 motion are waived on appeal. Rule 29.15(d).

> "In actions under Rule 29.15, any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal." *Johnson v. State*, 333 S.W.3d 459,

10

471 (Mo. banc 2011) (quoting *State v. Clay*, 975 S.W.2d 121, 141-42 (Mo. banc 1998). "Pleading defects cannot be remedied by the presentation of evidence and refinement of a claim on appeal." *Id.* Moreover, "there is no plain error review in appeals from postconviction judgments for claims that were not presented in the post-conviction motion." *McLaughlin v. State*, 378 S.W.3d 328, 340 (Mo. banc 2012).

*Shockley*, 579 S.W.3d at 899-900; *see also* **Hoskins v. State**, 329 S.W.3d 695, 699 (Mo. banc 2010). Furthermore, there is no plain error review of post-conviction judgments for claims not presented in the post-conviction motion. *Id.* at 696-97. Holman's claim in his Rule 29.15 motion for post-conviction relief only alleged his trial counsel was ineffective by failing to investigate and hire a medical forensics expert to independently analyze Holman's wound to support Holman's position that he was shot from behind and returned fire in self-defense, not to analyze Victim's wounds. Consequently, his arguments regarding investigation into Victim's wounds are not preserved for appeal and are not addressed. *See Johnson*, 333 S.W.3d at 471.

Because Holman was unsuccessful in showing trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that he was prejudiced by counsel's deficient representation, the motion court did not clearly err. Point I is denied.

### Points II and III

Holman claims in Point II the motion court erred in excluding evidence at the post-conviction hearing, including Exhibit 3, the OCDC disciplinary hearing transcript and exhibits, and Exhibit 11, the case file, both concerning pretrial counsel's disciplinary case, Supreme Court case SC97880. Holman asserts the denial of admission of these exhibits deprived him of a fair hearing and opportunity to meet his burden of proof. He contends the exhibits were self-authenticating, relevant, and probative to support his claim of ineffective assistance of counsel in that pretrial counsel's "unethical expenditure of [Holman's] advanced fee prior to earning said

fee and prior to conducting investigation and hiring necessary experts resulted in the inability of [trial counsel] to provide effective assistance of counsel at [his] jury trial." In Point III, Holman claims the motion court erred by failing to consider Exhibits 3 and 11 which prejudiced him "because had counsel hired a forensic expert there is a reasonable probability Holman would have been found not guilty."

In these points, Holman presents claims that we doubt are cognizable for review in a Rule 29.15 proceeding. Under Rule 29.15(k), this Court's review of the denial of a post-conviction motion is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. This Court finds no authority, by Rule or caselaw, granting it authority to review an evidentiary ruling made by the motion court during a Rule 29.15 evidentiary hearing on the claim. Nevertheless, we need not decide the issue in this appeal.

Even assuming, *arguendo*, that the claims are cognizable, the motion court correctly found that trial counsel was not ineffective by failing to investigate and hire a medical forensics expert to independently analyze Holman's wound to support Holman's position that he was shot from behind and returned fire in self-defense and we affirmed that decision in Point I. As such, whether trial counsel did or did not have money to hire any such expert is irrelevant, and the evidence was properly excluded for that reason. The motion court correctly determined "[t]here has been no evidence to support the outcome would have been different if [trial counsel] had made more money representing [Holman]." Moreover, the evidence offered and excluded was attempting to show pretrial counsel's violation of a professional rule of conduct was ineffective assistance of counsel and because of that, trial counsel provided ineffective assistance of counsel. But, a violation of a professional rule of discipline does not equate with a denial of one's

12

constitutional right to effective assistance of counsel. *Cooper v. State*, 356 S.W.3d 148, 157

(Mo. banc 2011).

> [A] violation of a professional rule of discipline does not equate to a constitutional violation. *See Nix v. Whiteside*, 475 U.S. 157, 165, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986) ("[B]reach of an ethical standard does not necessarily make out a denial of the Sixth Amendment guarantee of assistance of counsel."); *see also* Rule 4, Scope, paragraph [20] ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached.")

*Id.*

Finally, Holman failed to show he was prejudiced by the exclusion of Exhibits 3 and 11 from evidence because those exhibits were cumulative to the oral testimony from pretrial counsel and trial counsel received into evidence at the post-conviction relief hearing.[3] Both pretrial counsel and trial counsel testified regarding Holman's payment of fees to pretrial counsel; pretrial counsel placing those funds in a personal account; pretrial counsel spending the fees before they were earned; and pretrial counsel's inability to account for the fees. This Court infers the evidence in the excluded exhibits is consistent with the testimony already before the motion court in that those exhibits were not used to impeach either witness's testimony at the post-conviction relief hearing. Therefore, because that testimony was already before the motion court, anything contained in Exhibits 3 and 11 would have been cumulative. *State v. Taylor*, 588 S.W.3d 632, 637 (Mo. App. W.D. 2019) (holding the exclusion of evidence is harmless where the excluded evidence is cumulative of other evidence before the court). Points II and III are denied.

---

[3] Appellate review of the exclusion of evidence at trial is "for an abuse of discretion and will not be reversed absent prejudice." *State v. Salsman*, 686 S.W.3d 376, 383 (Mo. App. S.D. 2024).

**Conclusion**

The judgment denying Holman's Rule 29.15 motion for post-conviction relief is affirmed.


JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS